W. D. GOVER v. GEORGE T. MANN.

157 So. 24.
Division A.
Opinion Filed October 15, 1934.

*George M. Okell,* for Appellant;

*W. Davis Hamilton* and *Brown & Wood,* for Appellee.

DAVIS, C. J.—This cause is now before the Court on the merits of the appeal, a motion to dismiss the appellate proceedings having heretofore been denied. Gover v. Mann, 114 Fla. 128, 153 Sou. Rep. 895.

Mann is the assignee of a mortgage referred to by the parties as the "Smith" mortgage that was assigned to him after maturity. At the time of the assignment of such mortgage it was ascertained by Mann that it contained a stipulation reading as follows: "This is a second mortgage, subject to and inferior in dignity to that certain mortgage given by the mortgagors herein to W. D. Gover." The public records showed that the Gover mortgage so referred to as being a prior mortgage had been recorded July 10, 1928, and that on November 10, 1931, W. D. Gover had executed a satisfaction of this mortgage that had been recorded April 8, 1932. Mann acquired his assignment of mortgage under date of June 2, 1932, several months after the recorded satisfaction of the Gover mortgage to which it was subordinate and inferior in dignity according to its terms. Both the Smith and Gover mortgages when executed described property owned by one Katherine Irene Gideon. The present appeal is from a foreclosure decree in favor of Mann and against Gover who sought by an answer and cross bill to avoid the legal effect of his re-

corded satisfaction of his own mortgage prior to the time Mann acquired his mortgage by assignment.

When a stranger finds a satisfaction of a mortgage properly executed and recorded and the mortgagor in possession of the property, and purchases, either before, at or after maturity of a mortgage second to the one appearing as satisfied by an instrument of writing properly executed and recorded, and brings a suit to foreclose same, making the original mortgagee of the first mortgage a defendant, a cross bill and answer by the mortgagee named in such (first) satisfied mortgage seeking to obtain a cancellation of the instrument and record of satisfaction and reinstatement of the first (satisfied) mortgage on the ground of fraud and conspiracy on the part of the mortgagor, her husband and the complainant in the procurement of said satisfaction, is properly denied by the Chancellor when the proof fails to show that complainant participated in a fraudulent procurement of the satisfaction of the first mortgage, or had notice of any such fraudulent procurement, at the time that the second mortgage upon which complainant is suing was assigned to him.

Both the Master and the Chancellor found the facts against Gover on his answer and counter-claim. It is rule of long standing in this Court that findings on the facts are not disturbed by an appellate court unless it is shown that the findings are clearly wrong. No such showing appears in this case. Nor have any of the other propositions argued as assignments of error, upon which we deem special comment unnecessary, been found to warrant a reversal of the decree appealed from which is accordingly

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.