EZRA NAHMOD v. MEYER NELSON, *et ux.*

3 So. (2nd) 162
Special Division A
Opinion Filed June 27, 1941

*Roland W. Granat,* for Appellant;

*Henry D. Williams,* and *Alvin Cassel,* for Appellee.

PER CURIAM.—This appeal is from a decree on final hearing dismissing a bill of complaint brought to have the existence of a partnership adjudicated and for a receiver and an accounting.

In September, 1927, Nahmod, the plaintiff below, entered into a written agreement with the defendant and his wife, in Pittsburgh, Pa. By this agreement plaintiff paid defendant $1,000.00 for the purpose of forming a partnership with him to operate the business of a five and ten cent store in Miami Beach, Florida. This agreement provided that the plaintiff should make a further payment of $2,000.00 to the defendant within six months of the date of the agreement and, 'Said partnership shall begin on the day when said second party shall pay over to said first party (defendant) the said sum of $2,000.00 so that the capital contributed by said second party shall be equal to the amount invested by said first parties, to-wit, $3,000." It is admitted that the additional sum of $2,000.00 was never paid by plaintiff. However in 1930 defendant went back to Pittsburgh where he saw and talked with plaintiff and it is on this occasion that plaintiff claims that a new, oral agreement was made for the partnership. Soon thereafter, when defendant was back in Miami, plaintiff sent him $200.00 at the defendant's request. Plaintiff claims this to be a further investment by him in the partnership, and de-

fendant claims that it was merely a personal loan. From January 26, 1931, to January 16, 1936, the defendant sent plaintiff six checks in the total amount of $1,000.00. Defendant asserts that these checks were for the repayment of the $200.00 loan and a part repayment of the original $1,000.00 Plaintiff claims that he received this money thinking it was his share of the profits, although he admits that he never knew anything of nor sought to learn anything about the condition and prosperity of the business. Plaintiff admits that when defendant saw him in Pittsburgh in 1930 he told defendant that if he could only get his $1000 back, even without interest, he would be satisfied, but plaintiff contends that defendant at that time persuaded him to reform and reassert the partnership. One of the six checks referred to, which was endorsed by the plaintiff, dated April 12, 1932, and in the sum of $500.00, has the following on its reverse side immediately above plaintiff's endorsement, "As one-half payment on money invested Balance $500.00 remaining to be paid." In 1936 plaintiff's attorney wrote defendant asking to see him. Defendant immediately went to Pittsburgh to see plaintiff and asked him what he wanted from the business and upon plaintiff's assertion of a one-half interest, defendant returned to Miami and suit was brought.

In his bill of complaint, plaintiff alleged that he had never paid the balance of $2,000.00 because ". . . of the fact that the defendants reported that the business was unsuccessful and did not pay." He further alleged that he was a partner in the business and set forth the other facts above, praying for the appointment of a receiver, an accounting and a partition. The bill was filed November 14, 1936, and the answer was

filed February 2, 1937. The answer admitted the agreement of September, 1927, but denied its fulfillment and denied the other material allegations of the bill. Plaintiff's motion to strike parts of defendants' answer was denied, and testimony in the cause was taken by deposition and examination.

In the course of taking the testimony, plaintiff offered to prove by his own testimony, and by that of persons who had been employees of the defendants, the contents of several letters written to the plaintiff by the defendant both before and after the alleged oral agreement of 1930. Plaintiff testified that he had received these letters but no longer had them in his possession nor knew where they were. This evidence was excluded by the master and plaintiff made proffer to prove that these letters contained false statements, addressed to the plaintiff by the defendant, that the business was bad and was not making money. Proffer was denied and exception taken.

The master reported that he had only considered the question of the existence of a partnership and had not given consideration to an accounting. The master found: that the plaintiff did not comply with the terms of the agreement made in September, 1927; that the monies advanced by the plaintiff were advanced as a loan to the defendants and that the $200.00 advanced by the plaintiff was a personal loan made to the defendants and not advanced with any understanding between the parties at that time that the same should be the basis for the formation of a partnership; that the plaintiff did not establish himself as a partner in the business of the defendants; and that no partnership existed between the parties. The master then

recommended that the bill of complaint be dismissed with prejudice and at the cost of the plaintiff.

The final decree approved the master's report and found that there never had been a partnership between the parties, and dismissed plaintiff's bill of complaint at his costs.

Appeal was then taken to this court.

Plaintiff, who is appellant here, contends that even though he was not a partner by virtue of the written agreement, he was such a partner by virtue of the subsequent parol agreement made between the parties in 1930, part of the consideration for which was the giving up of his rights, if any, under such written agreement; and that the lower court's finding of fact contrary to the existence of this oral agreement was erroneous because the master improperly refused plaintiff's proof that he was prevented from complying with the written agreement by the false representations of the defendant, as made in certain lost letters written by the defendant, the contents of which plaintiff was not allowed to prove by parol because of the master's erroneous application of the best evidence rule.

A partnership may be formed by an oral agreement. 47 C. J. 649 (note 33) ; 16 L. R. A. 745; 4 L. R. A. (N. S.) 427. But of course such oral agreement must be proved.

While the question of whether certain facts constitute a partnership is a question of law, whether the essentials of a partnership exist is a question of fact to be determined by the circumstances of each case. Snowden v. Cunningham, 59 Fla. 604, 51 So. 543. Here the master and the lower court have found as a fact that no oral agreement of a partnership was

made and that the written agreement was never fulfilled. This holding is supported by the testimony. Even the plaintiff's own testimony, which is contradicted by the defendant, shows at best only a vague, uncertain and indefinite agreement of partnership as made by parol agreement in 1930. The findings of fact of the master as approved by the lower court will not be disturbed unless clearly shown to be erroneous. Grover v. Mann, 117 Fla. 22, 157 So. 24; Peninsula Terminal Co. v. Zaring, 113 Fla. 87, 151 So. 514.

Plaintiff asserts here, however, that the findings of fact of the lower court *are* clearly erroneous because the master improperly excluded evidence which would have necessitated a contrary finding of fact when he refused to allow the plaintiff to prove by parol the contents of the lost letters written by the defendant. Unquestionably secondary evidence is admissible to prove the contents of a lost writing where proper predicate is laid and where such evidence is otherwise competent and admissible. Jones on Evidence, 4th Ed., 413 (Sec. 212); 22 C. J. 988 (Sec. 1237); 20 Am. Jur., Evidence, page 364. But plaintiff's proffer of proof was to show that he had failed to make the additional payment called for in the written agreement because of the false representations as to the lack of prosperity of the business made to him by the defendant in these letters. No fraud was alleged or anywhere suggested. There is nothing to show that these statements, if made, were false. There was no proffer to prove by the contents of these letters that the defendant had made any admission of the existence of the partnership, either under the written argeement or under the alleged oral one. Even if the statements proffered had been made, and were false, such proof

could not have altered the invalidity of the written agreement. Plaintiff admits this in his argument. Further, the proffered testimony even if permitted and found valid could have no bearing on the existence or non-existence of a valid oral agreement between the parties, as asserted to have been made in 1930, because the proffer was only to prove that the plaintiff had been misled by the defendant by means of false representations that the business was bad and unprofitable, with the result of non-performance of the terms of the written agreement by the plaintiff. If the proffered proof could have any probative force at all on the question of the making of the subsequent oral argeement, it would appear that it might tend to show that the plaintiff would be disinclined to enter into such an oral agreement. It therefore becomes unnecessary to consider the sufficiency of the predicate laid for the proffered proof and the master's ruling thereon. The ruling, even though it were an incorrect one, did not alter or diminish the material facts considered by the master in his determination under those facts that no oral agreement of partnership was made in 1930. See Graham v. Holmes, 73 Fla. 85, 74 So. 5.

The objection of the plaintiff to the exclusion of certain testimony on cross-examination of the defendant constitutes no ground for reversal as it is not shown that the error, if any, in such ruling was harmful and resulted in a miscarriage of justice. Upon the record as a whole it appears that there is ample evidence to sustain the decree and it has not been shown that the decree is clearly erroneous on the evidence or the law, Sec. 4499 C. G. L. (1927); Certain Lands on Which Taxes Are Due v. City of Stuart, 137 Fla.

784, 188 So. 605; Rance v. Hutchinson, 131 Fla. 460, 179 So. 777.

The decree below is therefore—

Affirmed.

BROWN, C. J., WHITFIELD, ADAMS and THOMAS, J. J., concur.