Suit by Frederick C. Peters against W.N. Thompson to foreclose a chattel mortgage, in which defendant filed a counterclaim on a contract for excavating. From a decree consonant with a special master's report, plaintiff appeals.
Reversed.
The principal question presented for our determination hinges upon a consideration of the evidence. The Master made his findings of fact with reference to the indebtedness due from each litigant to the other and his recommendation concerning an appropriate final decree. His report was *Page 92 
confirmed by the Circuit Judge who entered a final decree consonant therewith. Our inspection of the transcript convinces us that there was substantial evidence before the Special Master which we believe sustains his findings and the final decree of the Chancellor. Moreover, the appellant has failed to persuade us that either the recommendation of the Master or the final decree consequent thereupon was clearly erroneous. See Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So.2d 136; City of Miami et al. v. Huttoe, Fla., 38 So.2d 819, filed this Term of Court and not yet reported in State report; Nahmod v. Nelson, 147 Fla. 564, 3 So.2d 162.
We are of the opinion that the position of appellant to the effect that the Chancellor abused his sound judicial discretion when he denied an application on the part of plaintiff below to amend his reply to the defendant's counterclaim, which application was made for the first time at final hearing, is not well taken.
Although the delay in filing the application for leave to amend was deserving of serious consideration, it is not the entire basis for our conclusion that the Chancellor did not abuse his discretion. An examination of the proposed "further amendment to plaintiff's reply to defendant's counterclaim" discloses the fact that said amendment fails to establish an enforceable claim of rent for the use of the bulldozer. It is alleged "the defendant borrowed from the plaintiff and the plaintiff loaned to the defendant a certain bulldozer * * *". With this "borrowing" and "loaning" as a predicate, the plaintiff concludes that a liability on the part of the defendant to the plaintiff for the reasonable value of the use of such bulldozer was thereby created. We do not find that the words "borrow" and "loan" connote, or indicate there should be, payment for the use of the chattel which is the subject matter of the loan. Kent defines "loan" as "the bailment of an article for a certain time to be used by the borrower without paying for the use". Booth v. Terrell, 16 Ga. 20, 25.
In the case of Cherry v. Mitosky, 353 Pa. 401, 45 A.2d 23, 25, it is stated: "The `loan' of a chattel [is defined] as `A bailment without reward; consisting of the delivery of an article by the owner to another person, to be used by the latter gratuitously, and returned either in specie or in kind'." See also Klein-Simpson Fruit Co. v. Hunt, Hatch Co., 65 Cal.App. 625, 225 P. 14, 17.
It is our conclusion that the final decree from which this appeal is prosecuted should be and it is hereby affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.