THOMAS, Justice.
Toney Builders, Inc., was engaged in the business of constructing “shell homes” for land owners. Under its method of operation the corporation would contract with the owner for the construction of a given home then enter into a contract with a carpenter to do the actual building. The corporation would supply all materials and specifications while the carpenter would furnish all labor. Upon completion of the work the corporation would pay the carpenter for the labor outlay and he, after retaining $25, “off the top” would share the remainder equally with his helper.
Whenever Gibson undertook such a construction he signed the contract with Toney Builders, Inc., purchased all the tools, gave all the orders and made all the decisions. When changes were requested by the owners it was Gibson alone who approved them and he was responsible directly to Toney Builders, Inc., for proper completion of the job.
Gibson was required to carry Workmen’s Compensation insurance although Toney Builders, Inc., arranged for it and deducted the cost from amounts payable to Gibson.
In the instant case the claimant served as helper to his father-in-law, Gibson, the carpenter, who was operating under the plan just detailed, and while doing so was injured when he fell and ruptured an inter-vertebral disc.
These facts pose the question whether the claimant was an employee of an independent contractor, in which event he would be entitled to compensation, or himself a partner or joint adventurer, in which case he would not be entitled to it.
*40 The deputy commissioner decided that claimant was not an employee of Toney Builders or Gibson but a partner or joint adventurer and denied his claim. The Commission took precisely the contrary view. So the dispute comes to this court.
The basic question facing the deputy seems to have been one of mixed fact and law. Nahmod v. Nelson et ux., 147 Fla. 564, 3 So.2d 162.
 The petitioners first challenge the validity of the order of the Full Commission on the ground, in substance, that there was failure to adhere to the essential requirements of law by the substitution of its finding of facts for that of the deputy commissioner which since our decision in U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, we have repeatedly and consistently held may not be done. In case of dispute in controlling facts the Commission may go no further than to determine whether or not there is competent substantial evidence to support the deputy’s conclusion, founded, of course, on the testimony he has chosen to believe. But we think a decision of this controversy depends not on the view of the deputy or of the Full Commission about disputed facts but on the point of law which emerges from facts that seem, in essential details, acceptable to the litigants. So we concentrate on the question of law.
The Full Commission observed that the relationship between Gibson and claimant was the controlling element, then proceeded to detail facts which corresponded with those adopted by the deputy commissioner and which presented the relationship as a question of law. In addition to the elements we have related Gibson decided alone what jobs would be undertaken; claimant had no control or right of control but took his orders from Gibson; there was no arrangement to share any losses that might occur, the only participation being in the profits. For example, when on one occasion a saw was broken the cost of repair was borne by Gibson and, as we have said, contracts with Toney Builders were signed only by Gibson, leading to the conclusion by the Full Commission that he alone was bound.
The elements outlined by the Commission convince us that without independent determination of salient facts that body simply concluded the case as a matter of law on facts common to the deputy’s conclusion and their own and that disharmony arose only about the relationship projected by those facts.
We think the Commission was right in deciding that claimant was an employee of Gibson, an independent contractor, and not a partner or joint adventurer.
One other question deserves an answer.
At the conclusion of the order of the Commission reversing the order of the deputy and remanding the cause for further proceedings consistent with the view that the claimant should prevail, it was ordered that in any award made by the deputy he allow claimant’s attorney a fee of $290. for his services before the Full Commission in addition to any fee fixed for his services before the deputy.
The petitioners object to the provision in respect of fees but they do so on the premise that the claimant was a partner or joint adventurer. Inasmuch as we do not adopt this theory of the case it would first appear that we are not obliged to pass upon this feature of the controversy. However, the respondents assert that this method of procedure has not been approved by the court and it seems appropriate to comment upon it.
The parties agree that an allowance of fees to a claimant’s attorney must be preceded by an award of benefits. Obviously by the decision the Full Commission contemplated eventual recovery by the claimant. It is practical to include in the final order of the deputy not only the amount of *41 fee he considers just for appearance of counsel before him but also the sum the Full Commission has determined to be fair for services in presenting to them the claimant’s case on review, thus precluding further appearance before the Full Commission on the lone matter of fees if the eventual order is not otherwise assailed. We sanction this method of having the fee for services before the Full Commission incorporated in the final order of the deputy.
For the reasons given, the order of the Full Commission is not disturbed and the petition for certiorari is denied.
ROBERTS, C. J., and TERRELL, DREW and SEBRING (Ret.), JJ., concur.