In re George **KROKOS** and Gloria Krokos, individually and doing business as The Boutique Shop, Debtors.

Bankruptcy No. 81–B–20081.

United States Bankruptcy Court, S. D. New York.

July 14, 1981.

Reich & Reich, White Plains, N.Y., for debtors.

Jeffrey L. Sapir, Yonkers, N.Y., trustee.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

## DECISION ON MOTION OF CHAPTER 13 TRUSTEE FOR AN ORDER DISMISSING CHAPTER 13 PROCEEDING.

The issue for determination in this case is whether or not a mom and pop retail store can be administered under the aegis of Chapter 13 of the current Bankruptcy Code. The store was originally operated by mom before she married pop and is now operated mainly by pop while mom stays home with the two children born after their consolidation.

## FINDINGS OF FACT

The facts are not disputed. Prior to her marriage, the debtor, Gloria Gardner, operated a retail store in Yonkers, New York known as the Boutique Shop. In 1977, Gloria Gardner and George Krokos entered into a lease for this store. She signed the lease as Gloria Gardner and he signed as George Krokos. Thereafter they were married in July, 1978. Mrs. Krokos testified that she wanted to add her husband's name to the business and therefore obtained a form from the Westchester County Clerk which listed both their names. This document was a certificate of doing business as a partnership, which was filed with the County Clerk on June 4, 1979. Both debtors signed and acknowledged the form entitled "Business Certificate for Partners" in which they certified "that they are conducting or transacting business as members of a partnership under the name or designation of The Boutique Shop."

Both debtors are authorized to sign checks on the business account. Neither draws a salary from the business; Mr. Krokos draws out such sums as are needed for living expenses. Since the births of their two children Mrs. Krokos spends most of her time at home while Mr. Krokos manages the business. They never entered into a written partnership agreement nor did they ever file partnership information returns for federal or state income tax purposes. The modification of their store lease on February 17, 1980 was signed by both debtors.

The standing Chapter 13 trustee contests the eligibility of the debtors to obtain the benefit of Chapter 13 on the ground that they are not attempting to seek relief as two individuals, but as partners of a business partnership and that a partnership is not eligible for such relief under Code § 109(e). All of the creditors listed in their schedules are business creditors to whom the debtors are described as jointly liable.

## DISCUSSION

While mom, singly, and pop singly, may qualify as an "individual with regular income" within the meaning of Code §§ 101(24) and 109(e), their operation of a business partnership, whether or not they are married to each other, will not qualify for Chapter 13 treatment.

"Whether a small business operated by a husband and wife, the so-called 'mom and pop grocery store,' will be a partnership and thus excluded from chapter 13, or a business owned by an individual, will have to be determined on the facts of each case. Even if partnership papers have not been filed, for example, the issue will be whether the assets of the grocery store are for the benefit of all creditors of the debtor or only for business creditors, and whether such assets may be the subject of a chapter 13 proceeding. The intent of the section is to follow current law that a partnership by estoppel may be adjudicated in bankruptcy and therefore would not prevent a chapter 13 debtor from subjecting assets in such a partnership to the reach of all creditors in a chapter 13 case. However, if the partnership is found to be a partnership by agreement, even informal agreement, then a separate entity exists and the assets of that entity would be exempt from a case under chapter 13.

House Report No. 95–595, 95th Cong., 1st Sess. (1977) 318–20."

The debtors maintain that they are simply two individuals with regular income from a business but that they are not partners, notwithstanding that they filed a certificate of doing business as partners. They rely on the holding in *In re Ward*, 6 B.C.D. 1231, 6 B.R. 93 (Bkrtcy.M.D.Fla.1980). In that case, the husband and wife did not hold out to the public at large that they were operating their business as a partnership, whereas in the instant case they filed a certificate of partnership. In that case, the wife worked in the business and did not perform any managerial functions, although she was a designated signatory on the business bank account. In this case, mom originally formed the business and operated it until after her marriage, when pop assumed managerial responsibility when mom was preoccupied with raising their children. In the *Ward* case the court found that there was no evidence that Mrs. Ward was liable to any trade creditors. In this case, both mom and pop are admittedly jointly liable to their trade creditors. In the *Ward* case the occupational license for the business was issued to Mr. Ward only, whereas here the certificate for partners was signed by mom and pop. Moreover, in the *Ward* case the lease for the premises of the business was signed only by Mr. Ward, whereas here the lease was signed by both mom and pop before they became a mom and a pop. Thus, the *Ward* case is distinguishable from the situation here.

If this were only a question of mom or pop desiring to invoke the blessings of Chapter 13, while subjecting partnership assets in the partnership to the reach of all of his or her individual creditors, it would be a different story. Here all of the creditors are partnership creditors to whom both mom and pop are jointly liable as a result of the operation of their business. What is presented here is more than merely two individuals who happen to be married and who desire to file joint cases within the permission of Code § 302.

Mom and pop may not file jointly under the guise as individuals when in fact they held themselves out to the public as partners. The filing of the certificate as partners is more than a matter of form. All of their creditors were entitled to rely upon their admitted joint liability for the debts incurred by the business. Chapter 13 was not intended to protect partnership assets from partnership creditors.

If a partnership arrangement is intended it must be proposed in the form of a Chapter 11, because Code § 109(e) clearly excludes partnerships from eligibility under Chapter 13.

## CONCLUSIONS OF LAW

1. The debtors are operating their business as a partnership and therefore are ineligible under Code § 109(e) to file a joint petition under Chapter 13 with respect to their partnership assets and liabilities.

2. The motion brought by the standing Chapter 13 trustee is granted.

SUBMIT ORDER on notice.