In the Matter of Dallas STEVENSON.

ASSOCIATES COMMERCIAL
CORPORATION, Plaintiff,

v.

Dallas STEVENSON, Defendant.

Bankruptcy No. 8102711 JC.
Adv. No. 820016JC.

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

Sept. 2, 1982.

Leonard H. Rosenthal, Natchez, Miss., for Dallas Stevenson.

Michael B. McMahan, Hattiesburg, Miss., for Associates Commercial Corp.

Harold J. Barkley, Jr., Jackson, Miss., Chapter 13 trustee.

OPINION

BARNEY E. EATON, III, Bankruptcy Judge.

This matter came on for hearing on the objection of Associates Commercial Corporation to confirmation of the debtor's plan for payment under Chapter 13 of the Bankruptcy Code. Specific objections filed by Associates Commercial are that the loan application on a 1978 Mack truck was made in the corporate name and therefore should not be included in the Chapter 13 proceeding. The debtor, it is alleged, is wrongfully seeking to include the corporation obligations of Stevenson's Trucking, Inc. through his Chapter 13 and Associates Commercial contends that under Section 109(e) the corporation is not eligible for relief under this chapter.

The question presented by this appeal is whether Chapter 13 relief should be denied a "mom and pop" dairy simply because one of its obligations was a corporate debt as well as the personal obligation of the individual, Dallas Stevenson.

This Court after having heard evidence in support of the objection is satisfied that the contentions of Associates Commercial are without merit for the following reasons:

I.

1. The debtor, Dallas Stevenson, filed his petition under Chapter 13 of Title 11 U.S.C. on December 2, 1981. The debtor has continued in possession of his property and is presently operating his business as a dairy farmer.

2. The debtor is offering to pay under the Chapter 13 plan $1,800 per month. Of this, $245.19 is to be remitted to Associates Commercial over a five (5) year period.

3. At the time of filing of the petition, the debtor owed Associates Commercial $15,086.75 on the purchase of a 1978 Mack

truck which was purchased on July 26, 1978. The time balance on the date of purchase was $48,666.24, payable in 48 installments of $1,015.88. The debtor prior to the filing of his petition had paid approximately two-thirds of the amount originally owing. Associates Commercial insists the plan does not comply with the provisions of Chapter 13 of Title 11 U.S.C. in that the debtor is attempting to restructure the corporate obligations of Stevenson's Trucking, Inc. through this Chapter 13 proceeding.

## II.

Section 109(e) (11 U.S.C. § 109(e)) prescribes who may be a Chapter 13 debtor as follows:

Only an *individual with regular income* (emphasis added) that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an *individual with regular income* (emphasis added) and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under Chapter 13 of this title.

Under Section 606(3) (11 U.S.C. § 1006(3)), a Chapter 13 debtor is defined to mean a "wage earner" while Section 606(8) (11 U.S.C. § 1006(8)) defines a wage earner as an individual whose principal income is derived from wages as salary.

The legislative history following Section 109 (11 U.S.C. § 109) points out that the language of the Code is not intended to limit a Chapter 13 to a wage earner but in lieu thereof makes this chapter available to "an individual with a regular income," the only limitations being the dollar limitations. This has had the effect of making Chapter 13 accessible to the individual who owns a small business, i.e., the "mom and pop" store. The dollar limitations have the effect of permitting the small, sole proprietor for whom a Chapter 11 reorganization would be too cumbersome to file under Chapter 13. The legislative history points out clearly that for circumstances just such as those in which Dallas Stevenson finds himself, it is unreasonable for the law and this court to require a debtor to file both a Chapter 11 and a Chapter 13 as a result of a single corporate debt that the court finds is also the personal obligation of the individual.

Associates Commercial has attempted to rely upon the case of *In re Krokos,* 12 B.R. 520 (Bkrtcy., 1981), which held that the operation of a business partnership will not qualify for treatment under Chapter 13.

In the *Krokos* case, the court found that the operation of that business was in fact a partnership. Both debtors had executed a "Business Certificate of Partners" in which they certified that they were transacting business as a partnership. But in the case at bar, Dallas Stevenson is not operating as a partnership under the laws of our State though the record reflects a statement by Mr. Stevenson that his sons helped him as partners in the business. This Court is of the opinion that this statement was inadvertent and that Stevenson's Trucking, Inc. is not a partnership.

However, courts have consistently held as did the *Krokos* case, that the "mom and pop" store may qualify as an individual with a regular income within the meaning of Sections 101(24) and 109(e) (11 U.S.C. § 101(24) and 11 U.S.C. § 109(e)). A small business operated by husband and wife may be included under Chapter 13. Whether the business is a partnership or sole proprietorship is determined on a case by case basis. The determinative factors being whether the assets of the store are for the benefit of all creditors of the debtor or simply for the business creditors. The issue is whether a separate entity exists, the assets of which would then be exempt from a case under Chapter 11.

Applying the foregoing principles to the facts in this case, this Court is convinced that Stevenson's Trucking, Inc. was nothing more than Dallas Stevenson himself. The

effect of the business carried on by Stevenson's Trucking, Inc. was not the activities of a formal corporation but was rather a sole proprietorship operated by Dallas Stevenson. In the *Krokos* case, the court held as it did upon the finding that not only was a certificate signed acknowledging that they did business as a partnership, but that their method of operation was such that it was clear to the court that they conducted and transacted business as members of a partnership. But the court went on to point out that a husband and wife may qualify for treatment under Chapter 13, this being determined from the facts.

Relying on the principles set forth in *Krokos,* this court concludes that Dallas Stevenson's family dairying business is nothing more than a "mom and pop" operation using the same legal theories as have been used in regards to a partnership.

While it is certainly true under the Code (Title 11 U.S.C.), there is no provision allowing a corporation to file under Chapter 13, the debtor in this case is making no attempt to reorganize Stevenson's Trucking, Inc. but is trying to work out an acceptable arrangement for the payment of his personal obligations under Chapter 13. It is obvious to this court that Mr. Stevenson intended this to be his personal debt and Associates Commercial accepted it as his personal debt by requiring him to sign the note.

In some instances, it is not clear whether the contract is that of the corporation alone or that of the individual signing it. In such a case, since determination depends upon the construction of the written agreement and since the general rule is that the intention of the parties as derived from the instrument determines the construction of the contract, most courts hold that the liability of the signer is governed by the intent of the parties as derived from the instrument. The intent of the parties in turn is dependent to a great extent upon the particular form of the promise and the signature. 11 Am.Jur.2d, Corporations § 1342.

This Court is unimpressed with the fact that the vehicle in question was titled in Stevenson's Trucking, Inc. This corporate designation is merely a matter of loan policy of Associates Commercial rather than an intent to bind only the corporation contractually and not Mr. Stevenson individually. To the contrary, this court holds that Associates Commercial solicited not the endorsement of the Stevenson's Trucking, Inc. but rather required the personal endorsement of Dallas Stevenson as a condition for making the loan.

This case is no different from the thousands of small, individually or family owned businesses operating under a corporate veil. The creditors do not extend credit upon the corporation's financial statement, they look to the individual and almost without exception require the borrower to individually guarantee all of the obligations of the business.

Based upon the overwhelming evidence in this case and this Court's experience concerning these small, individually owned businesses, it is therefore held that this debt was a contract entered into by Dallas Stevenson individually and not Stevenson's Trucking, Inc. and is hereby allowed to be included in the Chapter 13 plan of the individual debtor, Dallas Stevenson.