In re Sonia C. TINGLE, formerly doing business as Wild Bill's Feed & Grain, Debtor.

Patrick BARRY, as Trustee in Bankruptcy of the Estate of Sonia C. Tingle, Debtor, Plaintiff,

v.

Howard ZINRAN and Michael Duffy, Defendants.

Bankruptcy No. 83–00501–BKC–SMW. Adv. No. 83–0345–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 2, 1983.

---

Ronald S. Golub, Robert E. Venney, Miami, Fla., for trustee.

H. Taylor White, Fort Lauderdale, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard before the Court upon Complaint For Declaratory Judgment and the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Plaintiff seeks a declaratory judgment determining that a partnership agreement existed between the Plaintiff and Defendants. If such a determination would be made, Plaintiff then seeks an accounting.

In January, 1981, or thereafter, the parties had discussions relative to the creation of an arrangement for the operation of the business known as "Wild Bill's Feed and Grain", located in Broward County, Florida. The business was purchased by the Plaintiff for approximately Twenty Thousand Dollars and operated as a retail supplier of feed, hay and other products through a date in late October, 1981. The Plaintiff invested additional money in the business, which investments were classified as loans on the books of the Debtor. The Plaintiff did not receive a salary from the business. The Defendants operated the business on a daily basis and each received a regular salary. No contribution to capital was made by either Defendant. No agreement, express or implied, was shown to the Court's satisfaction to establish that the parties had any agreement to share in losses of the business. The Plaintiff made the initial purchase of assets of the business in her individual name.

The parties, at the time of the purchase by Plaintiff or thereafter, had intended that an association should exist between them for the conduct of the business. This association contemplated that the Plaintiff would receive 52% and Defendants would receive 24% of the profits of the business. The Court finds that there was no agreement between the parties regarding the sharing of losses and, further, that the intent of the parties was that prior to any profits being distributed the business would return to the Plaintiff her initial purchase price of $20,000.00, together with any additional capital invested by her in the business.

Based on the evidence presented, the Court finds that the arrangement between the parties was not a partnership agreement as alleged by the Plaintiff, but was merely one of employer and employee. Generally, a contract, express or implied, is essential to the formation of a partnership, *In re: Ward,* 6 B.R. 93, 94 (Bkrtcy.M.D.Fla. 1980), and a condition or conditions precedent to the existence of a contract may be imposed by the parties. No legal partnership exists if a condition precedent set and agreed by the parties has not occurred. *Johnson v. Eichelberger,* 13 Fla 230 (1869). It is clear that the parties intended the return to Plaintiff of her initial investment to constitute a condition precedent to the creation of a partnership relation between them. Such condition precedent did not occur. Accordingly, there could be no partnership.

There was some evidence presented that allegedly provided a basis for liability upon the doctrine of estoppel. Based on the evidence presented, the Court finds that the

Plaintiff has not met its burden of proof as contemplated by Section 620.635 (Partner By Estoppel) FLA.STAT. (1981).

As to the Counterclaim of Defendants, this Court reserves jurisdiction thereof for entry of further Orders upon Motion of Defendants.

A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.