652 So.2d 952 (1995)
In re the Marriage of Filaretos FILARETOU, Appellant,
v.
Jesusa FILARETOU, Appellee.
No. 94-00151.
District Court of Appeal of Florida, Second District.
April 5, 1995.
*953 Phyllis J. Towzey and Henry A. Stein of Carter, Stein, Schaaf & Towzey, St. Petersburg, for appellant.
Ronald S. Reed of Ronald S. Reed, P.A., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Filaretos Filaretou (Husband), challenges on several grounds the Order Modifying Final Judgment entered on the petition of appellee, Jesusa Filaretou (Wife), and counterpetition of the Husband. We agree with the Husband that the record does not support a finding of a substantial change of circumstances either as to the Husband's increased ability to pay or the Wife's or children's increased needs. Also, since the final judgment required the Wife, who was granted exclusive use and possession of the marital home rent-free, to "be responsible for the mortgage, taxes, [and] insurance," we conclude that the court erred in refusing to reduce the accrued alimony the Husband owed the Wife by an amount equal to at least a portion of the mortgage payments he made on the Wife's behalf. Accordingly, we reverse the Order Modifying Final Judgment and remand.
In doing so, we observe that the February 21, 1989 final judgment of dissolution, which was not appealed, but was the subject of the petitions to modify, was deficient in several pertinent aspects that directly and adversely affect the validity of the order on appeal.
In the first instance, the final judgment's awards of alimony and child support were based on income imputed to the Husband. Unfortunately, the final judgment recites no basis for, nor findings to support, the income imputed and, in fact, states no specific amount of income imputed to the Husband. The sole provision in the final judgment in regard to the Husband's income merely states: "In determining the amount of support the Husband should pay to the Wife and the minor children the Court is imputing to the Husband additional income."
Moreover, given the record we have before us of the proceedings leading to the final judgment, we conclude that the Wife did not demonstrate an increase in the Husband's income; to the contrary, the record shows a decrease in the Husband's available income. The Husband's financial affidavit, which was introduced at the final hearing leading to the final judgment of dissolution of marriage, reflects that his income prior to the final judgment was $614.86 weekly or $31,972.72 annually. Since the final judgment "imputes additional" income to the Husband without stating an amount, we must necessarily conclude that the trial judge determined the Husband had additional income that was not stated in his financial affidavit. The order on appeal, which increases the Husband's alimony payments by 140% and his child support payments by 35%, does so on the basis of "income ... imputed to the Husband so that his total gross annual income is $20,000.00." Since the final judgment does not state the specific amount that the court imputed to the Husband as "additional" income, and the actual income reflected in the Husband's financial affidavit exceeds what the court found his gross income would be after the additional income was imputed, we must conclude that the Wife not only failed to show an increase in the Husband's income since the final judgment but, on the contrary, has demonstrated a decrease in the Husband's available income.
Moreover, the $20,000.00 gross annual income imputed to the Husband in the order on appeal would not, under any circumstances, justify the amount of child support and alimony ordered. Utilizing the Wife's figures regarding the Husband's imputed income, the Husband, after paying the child support and alimony required by the order of modification on appeal, would be left with $58.30 per month prior to payment for any of his personal expenses and obligations. Since the Wife has demonstrated no substantial change of circumstances regarding her needs for alimony or child support, and the record indicates a decrease in the Husband's disposable income, any increase in alimony and child support was not warranted.
We also find error in the court's treatment of the parties' respective rights and obligations concerning the marital home. Those rights and obligations were fixed by *954 the provisions of the final judgment, which was not appealed. While those provisions are now subject to interpretation, they are not subject to modification. While those provisions could have been better stated for more precise future applicability, the major difficulties now arise because neither party promptly sought the court's enforcement assistance to adequately clarify and protect their interests. The final judgment provided in regard to the marital home as follows:
9. The marital residence of the parties located at 510 Chesapeake Drive, Tarpon Springs, Florida, is to be listed for private sale. The Petitioner is to have the exclusive use and possession of the marital residence located at 510 Chesapeake Drive, Tarpon Springs, Florida until May 30, 1989 or sooner if the house is sold privately and if not sold privately then sold at public sale.
The Petitioner shall be responsible for the mortgage, taxes, insurance and shall maintain said home until such time as same is sold.
The Respondent has a special equity interest in the marital residence of $66,000.00.
At the time the home is sold the Respondent is to receive pursuant to his special equity interest 69.2% of the proceeds and the Petitioner receiving 30.8% of the proceeds.
10. The Respondent is to pay to the Petitioner the sum of $30,000.00 as and for lump sum alimony from his interest from the monies he receives from the sale of the marital home described in Paragraph # 9 above.
Unfortunately, the parties have not concluded either a private or public sale of the marital home, and the Wife has continued to live in the marital home rent-free under the terms of the final judgment. We find no fault in the trial judge's order on appeal in attempting for the future to resolve the parties' rights and obligations in regard to the marital home. That order provides that from the date of the order, September 29, 1993, and until the property is sold:
The parties are each responsible for the mortgage payments on the former marital home in an amount equal to their respective equity interests in said home. Specifically, the Husband is responsible for 69.2% of the mortgage payments due, and the Wife is responsible for 30.8% of the mortgage payments. In addition, the parties are responsible for all repairs, maintenance, taxes and insurance on that same percentage basis.
We also agree that the trial judge was not in error in determining that the Husband was not entitled to a credit for the fair rental value of the marital home during the Wife's use and possession thereof. We do find error, however, in not crediting the Husband with the mortgage and other payments he made on the marital property up to September 29, 1993, against any accrued alimony payments due the Wife.
By the terms of the final judgment, the Wife was obligated to pay all of the expenses related to the marital home during her rent-free possession thereof. Her rent-free possession continued, and the requirements of the final judgment remained unappealed and unmodified. We find the circumstances of this case warrant setoffs against accrued alimony for those payments made by the Husband in regard to the marital property that the final judgment had imposed upon the Wife. We find these circumstances to equate to the "compelling equitable criteria" discussed in Waldman v. Waldman, 612 So.2d 703 (Fla. 3d DCA 1993) and Chappell v. Chappell, 253 So.2d 281 (Fla. 4th DCA 1971). The marital home is the single most valuable asset of the parties. Upon sale of the marital home, the Husband is required to pay to the Wife from the proceeds thereof, in addition to the Wife's 30.8% interest therein, the sum of $30,000.00 as lump sum alimony. It has been the residence of the Wife and children rent-free since the date of the final judgment. The Wife's failure to pay her obligation, as established by the final judgment, severely jeopardized the parties' equity in the asset.
Accordingly, the order appealed from is reversed in part and affirmed in part as stated herein. On remand, the trial judge shall calculate the credits against accrued *955 alimony that we have directed the Husband receive.
PARKER and LAZZARA, JJ., concur.