SHAHOOD, Judge.
Appellant, Pandora H. Smith, former wife, appeals from the trial court’s denial of her exceptions to the General Master’s report. Finding no error, we affirm.
Appellant and appellee, Andrew L. Smith, former husband, were divorced in March 1994. The final judgment approved and incorporated a handwritten marital settlement agreement between the parties.
The settlement agreement provided, inter alia, that former husband would pay to former wife, as alimony, “one half of his gross salary of $162,000 for six years, payable monthly, commencing 12/1/93.” Additionally, former wife was to receive 50% of the gross bonuses and any other form of renumeration paid to former husband, other than salary and salary increases. The agreement also provided that the marital home, which was awarded to former wife, was to be refinanced and that former husband was to receive the net proceeds therefrom.
In November 1994, former wife filed a motion for contempt against former husband, alleging that the former husband failed to pay any alimony payments for December 1993 and January-Mareh 1994. Additionally, former wife alleged that former husband had failed to pay her the one-half of his annual bonus for 1993.
This matter was referred to a General Master for an evidentiary hearing. At this hearing, former husband admitted that he had not paid one-half of his gross salary for the months of December 1993 and January, February and March 1994, as provided by the settlement agreement. Rather, former husband testified that it was his understanding that the handwritten settlement agreement was going to be re-worded by his counsel and counsel for former wife. Therefore, he had continued to comply with the terms of the temporary support arrangement for those months, which included payment to former wife of $1,300 per month, as well as payment of various household expenses for former wife, including mortgage, car payments, lawn maintenance, pest control, repairs, utilities, credit card bills, and automobile insurance. Former husband testified that the total of his payments to and on behalf of former wife, made under the temporary support arrangement, actually exceeded the alimony former wife was entitled to receive.
With regard to former wife’s claims that he failed to pay one-half of his annual bonuses to her, former husband admitted that former wife was entitled to $19,000. He explained, however, that because former wife failed to have the former marital home refinanced, as provided by the settlement agreement, which would have yielded proceeds of approximately $50,000, he lacked the financial resources to pay former wife her one-half share without liquidating assets at a substantial loss.
By her report, the General Master found that former husband’s payments to and on behalf of former wife equalled or exceeded the alimony to which the former wife was entitled and, therefore, allowed former husband to completely offset the payments against the claimed arrearages. The General Master further concluded that, while former wife was entitled to $19,000 as her one-half share of former husband’s bonuses, said amount should be paid from former husband’s portion of the proceeds when the former marital residence is refinanced. Despite former wife’s exceptions, the trial court approved this report and incorporated it into its final judgment.
On appeal, former wife argues that the trial court erred in allowing former husband a setoff against his alimony payments for the payments he made on her behalf. While it is true that a setoff against alimony payments is generally frowned upon, see Chappell v. Chappell, 253 So.2d 281 (Fla. 4th DCA 1971), courts have nonetheless recognized that a setoff may be appropriate where there are compelling equitable criteria. See Filaretou v. Filaretou, 652 So.2d 952 (Fla. 2d DCA 1995). In this case, we find that equity requires the setoff of payments made by former husband to and on behalf of former wife against any claimed alimony arrearages. The former husband, unclear as to whether the terms of the settlement agreement had become effective, continued to make payments under the terms of the temporary *547 support arrangement. He continued to pay the mortgage on the former marital home, various expenses related to it, and a number of former wife’s personal debts, including her credit card, all obligations of the former wife under the settlement agreement. By her own testimony, former wife was aware of the payments by former husband on her behalf, did not object to this arrangement and, in fact, credited former husband for making these payments. Given that former husband’s payments exceeded the amount in which he was required to pay as alimony under the settlement agreement, we affirm the final judgment allowing former husband a setoff against the claimed alimony arrear-ages.
Former wife also claims that the trial court erred in approving the General Master’s report, which recommended that former husband not pay former wife a one-half share of his bonuses, equalling $19,000, until the former marital residence was refinanced as provided by the settlement agreement. On appeal, she argues that refinancing is not possible and, therefore, payment of her share of the bonus should not be made contingent upon refinancing of the marital residence. However, the record is devoid of any evidence to support this claim and, in fact, such argument was never presented to the General Master. In the absence of any record evidence demonstrating that the General Master’s implicit finding that the marital residence can be refinanced is clearly erroneous, we are compelled to affirm on this point as well. See Peters v. Thompson, 42 So.2d 91 (Fla.1949); Nahmod v. Nelson, 147 Fla. 564, 3 So.2d 162 (1941).
AFFIRMED.
WARNER and FARMER, JJ., concur.