CRENSHAW, Judge.
Henry Lafferty, Jr., Former Husband, appeals the final judgment of dissolution of his marriage to Lora Lafferty, Former Wife. We affirm the majority of the thorough judgment without comment; but because the court erred in calculating the retroactive alimony and in failing to properly conduct an imputation analysis, we reverse on those issues as well as two additional calculations.
I. Background
The parties married in 1988, and Former Wife filed her petition for dissolution in 2010. During and after the marriage, Former Husband served in the United States Army and, as relevant here, Former Wife was a nurse manager at a local hospital. In the final judgment, the court awarded Former Wife retroactive alimony *1144 of $29,423 and durational, periodic alimony of $1000 monthly for five years as well as attorney’s fees.[1] The retroactive alimony award did not include a $1000 setoff for rent Former Husband paid. Former Wife’s Florida nursing license lapsed after she resigned her position at the hospital, but she now has a South Carolina nursing license. Though able to work, Former Wife was unemployed at the time of trial, which she testified was based on unavailability of jobs. Most of the material calculations in this case were done by Former Wife’s CPA, Mr. Miller.
II. Calculation of Retroactive Alimony
Though we affirm the judgment in its allowance of retroactive alimony, in reviewing the record, we must agree with Former Husband that the amount of retroactive alimony awarded was error. Although the final judgment cites to the schedule prepared by Mr. Miller, the amounts therein are not all supported by competent, substantial evidence. See Ponce v. Ponce, 997 So.2d 1120, 1123 (Fla. 3d DCA 2008). Rather, it appears that Mr. Miller did not look to Former Wife’s need during this time period but rather added the net disposable income attributed to each party together and decided Former Wife was entitled to an amount that is forty-five percent of the total. That percentage does not appear to have any basis in the record. From that number Mr. Miller subtracted Former Wife’s net, disposable income which resulted in the amount the trial court awarded: $29,423. While the final judgment says Former Wife testified to her need of this amount, Former Wife never actually quantified any amounts. Thus, there is a dearth of competent evidence of both Former Wife’s need for this amount and the reason for the percentage awarded to her. Accordingly, we are compelled to reverse this portion of the judgment and remand for further proceedings to determine the amount of retroactive alimony. Regarding any time period for which the court awards retroactive alimony and Former Wife was not employed, the court must also undertake an imputation analysis as described below.
III. Lack of Imputation to Former Wife
The record in this case, including the final judgment, reflects that the court did not conduct an analysis regarding imputation of income to Former Wife as part of its alimony award. The framework the court uses to determine whether imputation is necessary and, if so, how to calculate an amount is an issue of law we review de novo. See Tarkow v. Tarkow, 128 So.3d 82, 84 (Fla. 2d DCA 2013) (citing Kaaa v. Kaaa, 58 So.3d 867, 869 (Fla.2010)). In computing an alimony award where one spouse has become unemployed, the court must consider whether that change in circumstance was voluntary. Valentine v. Van Sickle, 42 So.3d 267, 274 (Fla. 2d DCA 2010) (citing Gildea v. Gildea, 593 So.2d 1212, 1213 (Fla. 2d DCA 1992)). If so, the court must then determine the diligence of that spouse in finding additional income. Schlagel v. Schlagel, 973 So.2d 672, 675 (Fla. 2d DCA 2008). When the court concludes that one spouse was voluntarily un- or underemployed and has not been diligent in finding replacement income, the court should, based on competent, substantial evidence, impute income to that party. See Schlagel, 973 So.2d at 675 (citing Fitzgerald v. Fitzgerald, 912 So.2d 363, 368 (Fla. 2d DCA 2005); Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998)). A failure to do so is error. See Riley v. *1145 Riley, 14 So.3d 1284, 1290 (Fla. 2d DCA 2009).
Where there is insufficient evidence to determine the amount to impute, there is a presumption based on the spouse’s historical earnings that arises, though it can be rebutted by the spouse to whom income is imputed. See Ghay v. Ghay, 954 So.2d 1186, 1190 (Fla. 2d DCA 2007) (“[T]he Florida Supreme Court and other district courts have suggested that a presumption arises from a spouse[’]s historical earnings that supports a finding the spouse can continue to earn the same amount, absent evidence to the contrary.” (citing Garfield v. Garfield, 58 So.2d 166, 167 (Fla.1952); Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985))). And in those cases where the court cannot use historical earnings, for example if there is evidence of changed circumstances, it should at least impute the minimum wage. Riley, 14 So.3d at 1289-90. Thus, if the court determines on remand that Former Wife was voluntarily unemployed and if it determines that she has not been diligent in replacing that income, it must impute some income to her. It is within the court’s discretion to determine the amount, though it must at least reflect income based on the minimum wage.
IY. Setoff for Monies Already Paid
The court determined that retroactive alimony covering the alimony penden-te lite was necessary and ordered retroactive alimony in the sum of $29,423. See § 61.071, Fla. Stat. (2010). The court found that Former Husband made a onetime $1000 payment for Former Wife’s rent. He argues that this $1000 payment should have been set off against the retroactive alimony. We agree.
‘While it is true that a setoff against alimony payments is generally frowned upon, see Chappell v. Chappell, 253 So.2d 281 (Fla. 4th DCA 1971), courts have nonetheless recognized that a setoff may be appropriate where there are compelling equitable criteria.” Smith v. Smith, 691 So.2d 545, 546 (Fla. 4th DCA 1997) (citing Filaretou v. Filaretou, 652 So.2d 952, 954 (Fla. 2d DCA 1995) (determining that payment of expenses of the marital home required setoff based on a finding of “compelling equitable criteria”)). “The criteria for an award of temporary alimony are the same as for permanent alimony, namely, the need of the spouse requesting the alimony and the ability of the other spouse to pay.” Stern v. Stern, 907 So.2d 701, 702 (Fla. 4th DCA 2005) (citing Mitzenmacher v. Mitzenmacher, 656 So.2d 178, 180 (Fla. 3d DCA 1995)). We have previously required setoff when one spouse pays the other spouse’s mortgage; the same rule applies here where Former Husband paid Former Wife’s rent for one month. See Filaretou, 652 So.2d at 954. Accordingly, we reverse and remand for the court to include the $1000 paid into any retroactive alimony award.
V. Error as to Attorney’s Fees
Former Wife concedes that the trial court erred in ordering Former Husband to pay $32,381.30 after that amount was discounted by $782.50 for expenses accrued by Former Wife’s failure to provide discovery. Rather the court should have ordered Former Husband to pay only $31,598.80 as stated in the court’s own findings. On remand, the court shall amend the judgment accordingly.
VI. Conclusion
We affirm the entire judgment except as discussed herein. On remand the court must recalculate the amount of retroactive alimony based on competent, substantial evidence and may take new evidence as needed. The court must also determine whether income need be imputed to For *1146 mer Wife in determining the amount of alimony Former Husband must pay. The court may also take new evidence on this issue. Finally, the court shall amend the judgment as set forth in sections IV and V of this opinion.
Affirmed in part, reversed in part, and remanded with directions.
DAVIS, C.J. and BLACK, J., Concur.

. Former Wife did not seek permanent alimony.