582 So.2d 639 (1991)
Josephina Gonzales PALMER, Appellant,
v.
David Ray PALMER, Appellee.
No. 89-2652.
District Court of Appeal of Florida, Third District.
January 22, 1991.
Josephina Gonzales Palmer, in pro. per.
David Ray Palmer, in pro. per.
Before NESBITT, BASKIN and JORGENSON, JJ.

Substituted Opinion
PER CURIAM.
The opinion of December 18, 1990 is withdrawn and replaced with the following:
In post-judgment child support and alimony proceedings, a general master's report was issued on September 28, 1989. The trial court entered its order approving the report on October 10, 1989. Florida Rule of Civil Procedure 1.490(h) provides that "[t]he master shall file his report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the period, the court shall take appropriate action on the report." Rule 1.090(a) states that "the day of the act, event or default from which the designated period of time begins to run shall not be included." It further provides that "[t]he last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event *640 the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday." Although the record does not indicate the date that the report was served on the former wife, the earliest the report could have been served was September 28. Thus, the ten-day period began on September 29. The tenth day was Sunday, October 8, and the following day, October 9, the second Monday in October, was the day on which the court observed Columbus Day. Thus, the ten-day period for filing exceptions did not end until the end of October 10. Therefore, the trial court erred in entering its order approving the general master's report on October 10, prior to the end of the ten-day period.[1]See Cox v. Cox, 490 So.2d 1051 (Fla. 4th DCA 1986); Elliott v. Elliott, 478 So.2d 509 (Fla. 4th DCA 1985); Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985); Plevy v. Plevy, 466 So.2d 1219 (Fla. 4th DCA 1985).
Accordingly, we vacate the order of approval and remand for further proceedings.
NOTES
[1] Moreover, Rule 1.090(e) provides an additional five days for responding after service by mail. Thus, in the present case, if the master's report was served by mail, then the above section would have permitted the wife fifteen days after September 28, 1990, or October 14, 1990 (which since it was a Sunday would equate to October 15, 1990) within which to respond.