643 So.2d 72 (1994)
Robert S. KOEPPEL, Appellant/Cross-Appellee,
v.
Barbara S. HOLYSZKO, Appellee/Cross-Appellant.
Nos. 93-02357, 93-02958.
District Court of Appeal of Florida, Second District.
September 30, 1994.
*73 Gerald C. Surfus, Sarasota, and Susan R. Brown, Hollywood, for appellant/cross-appellee.
Gerald B. Keane, Sarasota, for appellee/cross-appellant.
RYDER, Acting Chief Judge.
Robert Koeppel, the former husband, seeks review of the trial court's order requiring him to make a monthly purge payment on his child support arrearage and its order compelling a monthly payment toward his former wife's attorney's fees. He raises three issues on appeal. First, he asserts that the order on child support unlawfully permits him to be incarcerated for failure to make future monthly payments without providing for a hearing to determine his ability to pay. Second, he contests the amount of the child support payments on the grounds that they were not based on his assets, but rather on the court's imputation of a monthly income to him. Finally, he challenges the order on attorney's fees because the total of that monthly payment and his monthly child support obligation exceeds the amount of income imputed. We affirm the amount of the payments on the child support arrearage and the court's imputation of income to the husband. We reverse on Mr. Koeppel's other points on appeal. On cross appeal, Barbara Holyszko, the former wife, argues that the court should have imputed a larger monthly income to the husband. As will be explained, we agree with the amount of income the trial court imputed, and therefore affirm the order in that respect.
The parties were divorced in 1982. They are the parents of twin daughters, who were minors at the time of the divorce, but who have now reached the age of eighteen. During the marriage the husband and wife were *74 self-employed in a clothing business. After the divorce, the business was closed and the husband moved to Miami to assist his ailing mother. He cared for her on a full-time basis from 1983 until 1990, when she required a professional nurse. Mr. Koeppel then moved to Sarasota. He did not work at all while he lived in Miami, and, until recently, did not work in Sarasota. The record shows he obtained part-time employment doing yard work in July 1993.
The crux of this dispute is the husband's failure to pay court-ordered child support while the twins were minors. In February 1993, the wife filed a motion for order to show cause, which included a request that the court find the husband in civil and criminal contempt. After a hearing, the trial court concluded that Mr. Koeppel was capable of employment, and that it was appropriate to impute to him no less than full-time employment at minimum wage, in the amount of $630.00 per month. The court found the husband in contempt and directed him to purge himself by paying $6,000.00, which he did. He does not contest this initial finding of contempt or the purge amount. As an additional ongoing purge, the court ordered the husband to pay the sum of $600.00 on the 24th day of each month, continuing until the full child support arrearage of $56,465.25 was fully paid. The court reserved jurisdiction "to enter an order of arrest and incarceration upon affidavit that [the husband] has failed to pay any of this purge amount."
Ms. Holyszko then moved for attorney's fees arising from the contempt proceeding. The lower court entered an additional order requiring the husband to pay $6,000.00 for the wife's attorney's fees and $102.00 as taxable costs. He was to pay the fees and costs at the rate of $100.00 per month until satisfied.
We first address the portion of initial order on child support that reserves jurisdiction to enter an order of arrest and incarceration. The husband correctly points out that a trial court may not enter a contempt order that provides for the automatic issuance of a committal order in the event of future noncompliance without requiring an additional hearing on the contemnor's failure to comply and ability to comply. Cokonougher v. Cokonougher, 543 So.2d 460 (Fla. 2d DCA 1989); see also Haymon v. Haymon, 640 So.2d 1204 (Fla. 2d DCA 1994). Ms. Holyszko acknowledges that Mr. Koeppel is entitled to notice and a hearing on any alleged default before he can be incarcerated. She agrees that the order's specific language would, if applied without notice and the opportunity to be heard, deprive him of due process. She notes, however, that the court in Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989), approved virtually the same language contained in this judgment, provided that the trial court determined whether the contemnor had failed to comply with the purge provisions and whether he had the present ability to comply before it ordered incarceration.
While the Scapin court, in its discretion, was willing to construe similar wording in a contempt order to require a hearing, we demand more definite language so that all parties will be certain of their rights. We are sure that Judge Titus would, in fact, hold a hearing, but we believe it is necessary for the order to specifically provide that the contemnor has the right to notice and an opportunity to be heard before being incarcerated. Accordingly, we reverse and remand with directions for the lower court to enter a new order in conformance with this opinion.
We next address the court-ordered payments on the husband's child support arrearage, and the court's imputation of income to the husband. The husband has not been employed for many years. He has, however, maintained a comfortable life style without working. Mr. Koeppel and his present wife jointly own a home and a 1990 automobile. He also purchased a car for one of his daughters. As previously noted, the trial court imputed income to the husband of $630.00 per month, and then ordered him to pay $600.00 per month to purge his child support arrearage. The husband complains that the trial court should not have required him to pay almost the entire amount of his imputed income toward child support. The wife believes that the trial court should have imputed a larger monthly income to the husband *75 because he is a healthy male with both a bachelor's and a master's degree in business. We affirm both the amount of income imputed and the amount of the monthly child support arrearage payment.
A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts. Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). Mr. Koeppel is an able-bodied, college educated man. We find no abuse of discretion in the trial court's finding that he is capable of earning an income. While it may appear that the husband could earn substantially more than minimum wage, the fact remains that, aside from his recent lawn care work, he has not earned any money since 1982. As such, the trial court did not have an employment history on which to base imputation of a larger monthly amount. See Cushman v. Cushman, 585 So.2d 485 (Fla. 2d DCA 1991) (in imputing income court must consider recent work history as well as employment qualifications). We, therefore, affirm the amount of income the trial court imputed to Mr. Koeppel.
We also find no abuse of discretion in the court's decision to require the husband to pay $600.00 of his $630.00 per month imputed income as a monthly installment on his child support arrearage. First, Mr. Koeppel admitted his willingness and ability to pay the arrearage. He told the trial court:
I'm willing to pay whatever moneys that you deem necessary, but the only thing I request, Your Honor, is that I pay it directly to [his daughter's] college. And it would be in well excess of ... whatever back child support I owe, because I have been in correspondence with the University ... and I figured between her tuition, her books, her spending money, her clothing, her health insurance, it will come to well over anything that they're asking for four years.
Second, Mr. Koeppel has been able to live without any income from employment for many years. Under these facts, an award of support that almost entirely exhausts the amount of income imputed is not improper. Cf. Desilets, 377 So.2d at 764 (where income is properly imputed, an award of alimony entirely exhausting the husband's actual income may be a proper exercise of the trial court's discretion).
The trial court did err, however, in ordering the husband to make an additional $100.00 per month payment toward the wife's attorney's fees. When this payment is added to the $600.00 payment for the child support arrearage, the total exceeds the monthly income imputed to Mr. Koeppel. A court cannot order a party to make a monthly payment greater than the amount of income imputed. Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989). We reverse the portion of the order awarding attorney's fees that sets the monthly payment at $100.00, and remand to the trial court to set the payments in an amount consistent with the husband's imputed monthly income.
Affirmed in part, reversed in part and remanded.
CAMPBELL and PATTERSON, JJ., concur.