691 So.2d 6 (1997)
Gordon E. CASH, Appellant,
v.
Judy M. CASH, Appellee.
No. 96-1970.
District Court of Appeal of Florida, Fifth District.
February 21, 1997.
Rehearing Denied April 8, 1997.
*7 J. Williams Masters, II, Orlando, for Appellant.
Jon S. Rosenberg, Orlando, for Appellee.
ANTOON, Judge.
Gordon Cash (husband), appeals the final judgment dissolving his marriage to Judy Cash (wife), arguing that the trial court erred in awarding the wife permanent periodic alimony of $2,500 per month. Because the award of alimony was within the discretion of the trial court and not excessive under the facts, we affirm.
The final judgment included detailed findings of fact which were supported by the trial evidence. At the time of the dissolution, the husband was forty-seven-years old and the wife was forty-nine. The parties had been married almost twenty-eight years. They were in reasonably good health, but the wife had a disease known as Guillian-Barre which caused her loss of stamina. Consequently, she was unable to walk or stand for extended periods of time.
Two children were born during the marriage, both of whom are now adults. Throughout the marriage, the parties agreed that the wife would be a homemaker and primary caretaker of the children. The husband's job required him to travel a great deal. The wife has a high-school education, but no significant recent job experience. At the time of the dissolution, she was unemployed.
The husband also has a high-school education, but during the marriage he developed marketable skills as a computer consultant. He earned $94,933 in 1995, $21,500 the first full quarter of 1996, and in excess of $1,000,000 during the seven-year period prior to the parties' separation. The parties enjoyed an upper-middle-class lifestyle, allowing them to live in a comfortable home and drive late-model vehicles. They took ocean cruises and nice vacations. However, notwithstanding their lifestyle, they had no savings, no pension plan and no equity in their home at the time of the dissolution.
The husband was able to pursue his hobby of bass fishing and was able to start his own business which produced and sold fishing equipment. He invested $280,000 in the business. However, he sold his ownership interest in the company in the months immediately preceding the dissolution for a nominal sum.
The husband contends that the trial court erred in awarding the wife permanent, instead of rehabilitative, alimony. Whether an alimony award must be permanent or rehabilitative is a matter left largely to the discretion of the trial court, and the appellate court must affirm the trial court's decision if there is a reasonable basis in the record to support the determination. Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989). The test to be applied in making this determination is whether the requesting party is able to become self-supporting. Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), rev. dismissed, 453 So.2d 1364 (Fla.1984). If possible, a divorced spouse is entitled to enjoy a standard of living reasonably commensurate with the standard enjoyed during the course of a long-term marriage. O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982).
A party claiming on appeal that the trial court abused its discretion in awarding alimony has the burden of presenting a record that will justify the conclusion that the *8 judgment was arbitrary or unreasonable. See Hamlet v. Hamlet, 583 So.2d 654 (Fla. 1991). The husband has failed to present such a record in this case. In this regard, no evidence was presented showing that the wife, through a rehabilitation plan, could earn income that would allow her to enjoy a lifestyle approaching that enjoyed by the parties during the marriage. Under the facts of this case, we conclude that the trial court did not err by awarding permanent alimony.
AFFIRMED.
COBB, J., and ORFINGER, M., Senior Judge, concur.