752 So.2d 1288 (2000)
Jacques KREISLER, Appellant/Cross-Appellee,
v.
Sherry Kay KREISLER a/k/a Sherikay Kreisler, Appellee/Cross-Appellant.
No. 5D99-1045.
District Court of Appeal of Florida, Fifth District.
March 24, 2000.
*1289 Michael Sigman of Law Offices of Michael Sigman, Orlando, for Appellant/Cross-Appellee.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Maitland, for Appellee/Cross-Appellant.
PETERSON, J.
Jacques Kreisler appeals the amount of permanent alimony awarded to his former wife, Sherry Kay Kreisler, and the manner in which payment is to be made. Sherry cross-appeals the trial court's refusal to award attorney's fees to her, the refusal to allow her mental health counselor to testify, and the failure to consider Jacques' waste of marital assets.
At the time of the dissolution proceedings, the parties had been married for 20 years and their two children had almost reached majority. Jacques is a medical software salesman and is paid a salary and commissions. He anticipates a reduction in salary because his employer is restructuring its business operations. Sherry has a bachelor of science degree in journalism and public relations, but did not work outside the home for most of this long marriage. She has performed odd jobs and accounting work for her father during the marriage. The trial court commented during trial that she could probably earn a minimum wage if she became employed, but failed to impute income to her.
The final judgment awarded permanent alimony of $2,400 per month and child support of $886 per month for the two children. The trial court attempted to reach a favorable tax result for Jacques while calculating the amounts of alimony and child support.
We agree with Jacques that at least a minimum wage amount of income should have been imputed to Sherry. Although she has been out of the job market during the marriage, the children were almost of legal age and were no longer in need of intensive child care. Sherry testified about a medical condition for which she takes medication but there was no finding by the trial court that she was unable to be employed and contribute to her financial support.
During the parties' separation, Jacques was paying temporary alimony and child support on a schedule that coincided with his payments from his employer. Because he is partially compensated based upon commissions for the sale of software, his income is not evenly received during each pay period. We believe that structuring the permanent payment plan to coincide with Jacques' fluctuating earnings is a small concession to be made that could possibly reduce the chance for future court proceedings. Jacques' recent bankruptcy should also be considered as a factor in meeting this minor request. We recognize that this fact issue is better addressed by the trial court and we will not vacate that portion of the judgment setting the dates of payment of alimony and child support, but we urge the trial court to reconsider Jacques' plight and attempt to structure payments that will insure timely compliance.
Sherry alleges that she was prevented from calling a witness during her case-in-chief, and that the witness would have explained her medical condition. Our review of the record indicates that the trial court inquired of the nature of the prospective testimony and thereafter explained why it was unimportant. We have discovered no refusal by the trial court to allow the testimony. On the contrary, it appears that both Sherry and her attorney accepted the reasoning of the court and rested Sherry's case.
We vacate the amount of the award of periodic alimony and remand for consideration of an appropriate amount after imputing income to Sherry. Because the child support was also calculated in consideration of the amount of alimony, the trial court may also consider revising that amount if appropriate. We urge reconsideration of the required monthly payment *1290 dates of alimony and child support. Except as noted above, we affirm the final judgment of dissolution of marriage in all other aspects, including the denial of attorney's fees to either party and the issue of any waste of marital assets. We remand for reconsideration of the vacated portions of the judgment.
VACATED IN PART; AFFIRMED IN PART; REMANDED.
ANTOON, C.J., and HARRIS, J., concur.