790 So.2d 1128 (2001)
John R. BETZ, Appellant,
v.
Nichole R. BETZ, Appellee.
No. 2D00-1246.
District Court of Appeal of Florida, Second District.
June 27, 2001.
*1129 John R. Betz, pro se, Appellant.
No appearance by Appellee.
FULMER, Acting Chief Judge.
John R. Betz ("the Husband") appeals the final judgment dissolving his marriage to Nichole R. Betz ("the Wife"). He argues that the trial court erred in not considering his counter-petition for annulment. We agree and reverse.
After the Wife filed her pro se petition for dissolution of marriage on October 28, 1999, the trial court entered an order of referral to a general master on November 4, 1999. On November 24, 1999, the Husband, a state prisoner, mailed a pro se handwritten response, entitled: "Answer, Waiver, and Request for Copy of Final Judgment of Annulment." In this document, the Husband stated that he "admitted" all allegations in the petition and he counter-petitioned for an annulment. He also waived notice of future hearings and "all court appearances; or request telephonic hearings." He also filed a "Response and Counter-Petition" in which he requested the court to deny the petition for dissolution of marriage, declare the marriage null and void, and grant his counter-petition for annulment. He also filed a "Request for Admissions" requesting the Wife to admit that: (1) they never cohabitated as Husband and Wife; (2) they separated shortly after the ceremony; and (3) they never consummated the purported marriage in any manner.
On January 5, 2000, the trial court entered an order setting the case for an "uncontested final hearing" before a general master on January 24, 2000. The order indicated that because an answer had been filed, the hearing would serve as a status conference. The general master issued a report and recommendation, which indicated that the Husband failed to appear. The master found that the parties were married on June 25, 1998, and the Husband was incarcerated. No mention was made of the Husband's counter-petition for annulment.
A copy of the report and recommendation was mailed to the Husband on January 24, 2000. The Husband filed an objection to the report and recommendation. The Husband's objection was stamped: "Received Feb. 4, 2000, court administration," *1130 but it was also stamped "filed" by the clerk's office on February 14, 2000. On February 10, 2000, however, the trial court entered its final judgment of dissolution of marriage incorporating the relief recommended by the general master's report but making no mention of the Husband's objections.
Given that the Husband was a prisoner, he timely filed his objections to the report and recommendation of the general master. The trial court was obliged to hear the Husband's objections to the report and recommendation before issuing the final judgment. See Fla. Fam. L.R.P. 12.490(f) (stating that if exceptions are filed, they shall be heard on reasonable notice by either party or the court); In re Family Law Rules of Procedure, 663 So.2d 1049, 1052 (Fla.1995) (emphasizing that judge must review the entire record if exceptions are filed to the master's recommendation). The trial court had jurisdiction to rule on the Husband's petition for annulment. See Wright v. Wright, 778 So.2d 352 (Fla. 2d DCA 2001); Gilvary v. Gilvary, 648 So.2d 317 (Fla. 3d DCA 1995) (both discussing a trial court's jurisdiction over an annulment proceeding).
Accordingly, we reverse and remand for the trial court to consider the Husband's objections to the general master's report and the Husband's counter-petition for annulment.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.