814 So.2d 480 (2002)
Diane N. WERNTZ, Appellant,
v.
David R. FLOYD, Appellee.
No. 4D01-90.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
*481 Diane N. Werntz, Tequesta, pro se.
Gary S. Israel of Gary S. Israel, P.A., West Palm Beach, for appellee.
WARNER, J.
We reverse the order of contempt because the trial court erred in approving the general master's report without affording appellant the authorized time to file exceptions. The general master entered and served her report on November 22, 2000, and the trial court entered its order of contempt on the fifteenth day after service, December 7, 2000. The Family Law Rules of Procedure provide that time is computed pursuant to Florida Rule of Civil Procedure 1.090. See Fla. Fam. L.R.P. 12.090. Rule 1.090 provides that the day of the act from which the time begins to run shall not be included in computing any period of time prescribed, and five days are added to the prescribed period for service by mail. See Fla. R. Civ. P. 1.090(a)(e). Under rule 12.490(f), exceptions to a general master's report must be served within ten days after service of the report. Applying rule 1.090 computation rules, appellant could serve timely exceptions to the report as late as December 7, 2000, which she did. The court's order of contempt entered on December 7, 2000, without considering the timely filed exceptions, was error. See Jansen v. Jansen, 758 So.2d 1220, 1220-21 (Fla. 4th DCA 2000); Moskowitz v. Moskowitz, 611 So.2d 615, 615-16 (Fla. 4th DCA 1993).
Reversed.
KLEIN and MAY, JJ., concur.