849 So.2d 388 (2003)
Pasqual BRACERO, Appellant/Cross-Appellee,
v.
Carmen BRACERO, Appellee/Cross-Appellant.
No. 5D02-240.
District Court of Appeal of Florida, Fifth District.
June 13, 2003.
Norman D. Levin and Richard L. Trionfo of Norman D. Levin, P.A., Longwood, for Appellant/Cross-Appellee.
David Scott Glicken, Orlando, for Appellee/Cross-Appellant.
LAMBERT, B., Associate Judge.
Pasqual Bracero (former husband) appeals the Amended Final Judgment dissolving his marriage to Carmen Bracero (former wife). He contends that the trial *389 court erred in finding no rehabilitative alimony plan for the former wife was presented in this case. He also argues that the trial court erred in awarding the former wife permanent periodic alimony and in failing to make adequate factual findings on the standard of living established during the marriage, as required by section 61.08(2)(a), Florida Statutes. Lastly, the former husband asserts that the trial court committed reversible error when it failed to impute any income to the former wife when determining the alimony and child support awards and when it ordered him to provide life insurance to secure his alimony obligation without appropriate findings, evidence, and pleadings. The former wife cross-appeals, contending that the trial court erred in calculating the former wife's income for purposes of setting child support, made inconsistent findings of fact in determining both the equitable distribution of assets and liabilities and the amount of permanent alimony, and failed to consider the former husband's misconduct in fashioning the equitable distribution and alimony awards. We affirm, without further discussion, the issues on the cross-appeal.
The trial judge's meticulous, nineteen-page Amended Final Judgment included detailed findings of fact that were supported by the evidence at trial. At the time the Petition for Dissolution of Marriage was filed, the parties had been married over nine years but had been living together for approximately seventeen years. The former husband is a medical doctor whose average annual pre-tax income for the three years preceding the divorce was $256,533.30. The parties had three children of this marriage, one of whom is still a minor. The former wife was 41 years of age and the former husband was 47. The former husband is presently in good health while the former wife suffers from chronic allergies and other medical problems that have led to fatigue and tiredness. The former wife has been primarily responsible for raising the children and maintaining the home. At the time of the dissolution, she was not employed and earned no income. The former husband's job as a medical doctor required him to work long hours. The former wife has a high school education and has taken some college courses, but being a stay-at-home mom, does not have significant recent gainful employment. In the Amended Final Judgment, the former wife was awarded the sum of $5,500 per month permanent periodic alimony and $402.29 per month for support of the parties' remaining minor child.
The former husband takes issue with the trial court's finding that the former wife has failed to provide the court with a rehabilitative plan. Recognizing that rehabilitative alimony cannot be awarded absent a rehabilitative plan, Fullerton v. Fullerton, 709 So.2d 162 (Fla. 5th DCA 1998), the former husband argues that since he, in essence, presented a rehabilitative plan to justify an award of rehabilitative alimony to the former wife, the trial court should have at least considered the plan in evaluating the propriety of awarding rehabilitative alimony.
A rehabilitative alimony plan may be written or oral. Beasley v. Beasley, 717 So.2d 208 (Fla. 5th DCA 1998). As we recently stated, the principal purpose for awarding rehabilitative alimony is to provide funds to a requesting spouse so that he or she can establish the capacity for self-support, either through the development of previous skills or the provision of training necessary to develop potential supportive skills. Layeni v. Layeni, 843 So.2d 295 (Fla. 5th DCA 2003). However, whether an award of alimony is permanent or rehabilitative is a matter left largely to the discretion of the trial court, and the *390 appellate court must affirm the trial court's decision if there is a reasonable basis in the record to support the determination. Cash v. Cash, 691 So.2d 6 (Fla. 5th DCA 1997); Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989).
The trial court correctly recognized that this nine-year marriage falls into the "gray area" with there being no presumption for or against an award of permanent alimony. Escudero v. Escudero, 739 So.2d 688 (Fla. 5th DCA 1999); Young v. Young, 677 So.2d 1301 (Fla. 5th DCA 1996). Our careful review of the record demonstrates that the trial court did not abuse its broad discretion in determining that permanent periodic, as opposed to rehabilitative, alimony was appropriate. We do find, however, that the trial court committed reversible error when it failed to impute income to the former wife in determining the alimony and child support awards and when it ordered the former husband to provide life insurance to secure the alimony award without the requisite findings.
In the Amended Final Judgment, the trial court found that the former wife had worked during the marriage and there was no reason why she could not be working at present. The record evidence demonstrates that the former wife could work outside the home. The parties have one remaining minor child and, under the shared parental responsibility provisions of the Amended Final Judgment, the child will be with the husband 46.8% of the time. While the trial court was within its discretion, based upon the evidence at trial, to reject the former husband's argument that income of approximately $28,000 per year should be imputed to the former wife (which arguably would be reflective of the salary she could earn as a registered nurse), the trial court erred in failing to impute at least minimum wage to the wife. Kreisler v. Kreisler, 752 So.2d 1288 (Fla. 5th DCA 2000).
The trial court also ordered the former husband to provide a $500,000 life insurance policy, with the former wife as the beneficiary, to cover his alimony obligations as long as he had an obligation to pay her alimony. Section 61.08(3), Florida Statutes, permits the court to order a party to purchase or maintain a life insurance policy or a bond as security for payment of an alimony award. However, the Amended Final Judgment contains no findings as to the former husband's insurability, the cost of the proposed insurance, his ability to afford the insurance and whether appropriate circumstances exist to justify the former husband maintaining this life insurance. See Layeni; Lopez v. Lopez, 780 So.2d 164 (Fla. 2d DCA 2001). On remand, the court, in its discretion, may require the former husband to maintain an appropriate amount of life insurance as security for his alimony obligations, but must make the required findings in the final judgment to support that determination.
In summary, we affirm the trial court's determination that the former wife is entitled to permanent periodic alimony, but reverse and remand for the reasons set forth herein. On remand, the trial court may take additional evidence as to the issue of life insurance, imputation of income to the former wife and recalculation of the amount of child support and, if necessary, alimony, making the necessary, detailed findings required by section 61.08, Florida Statutes. We affirm the Amended Final Judgment in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SAWAYA and MONACO, JJ., concur.