SILBERMAN, Judge.
 

 Michael Riley appeals an Order Entry and Final Judgment of Dissolution of Marriage which approves and incorporates the Amended Magistrate’s Decision and Recommended Final Judgment of Dissolution of Marriage. Except to the extent that it dissolves the parties’ marriage, we reverse the appealed judgment based on the magistrate’s denial of the Husband’s motion for a continuance of the final hearing. We remand for a new final hearing, and for purposes of remand we also point out error in the failure to hear objections to the magistrate’s report and recommendations and in the failure to impute any income to the Wife.
 

 In this long-term marriage of twenty-six years, the Wife filed a petition for dissolution of marriage on July 7, 2006. By order rendered on January 5, 2007, the trial court referred the case to a magistrate. The final hearing before the magistrate was set for April 2, 2007. The Husband contends that the magistrate abused her discretion in denying his request for a continuance of the final hearing so that the Husband could retain counsel.
 

 The Husband’s attorney, Ms. Walch, filed her motion to withdraw as counsel on March 5, 2007, based on irreconcilable differences, and the motion reflects service on the Husband on March 2, 2007. On March 7, 2007, the Wife filed a motion to compel regarding a request to produce and asserted that the Husband was “trying to hinder this matter from concluding.” The motion to compel reflected that the Husband’s counsel had filed a motion to withdraw, and the Wife objected “to this matter being delayed as this matter needs to proceed forward. The Husband has ample time to retain alternate counsel should he choose to do so.” The Wife served the motion to compel on the Husband’s counsel. On March 21, 2007, the trial court entered a brief order granting the motion to withdraw as counsel, although it appears that no hearing was held on the motion.
 

 The Husband filed a pro se motion for continuance on March 26, 2007, seeking a continuance “for the purpose of hiring new counsel and preparing for the case.” The Wife filed a response on March 27, 2007, stating that the Husband had ample time to retain new counsel and that the Husband filed the motion for purposes of delay and harassment. Although the Husband did not set his motion for continuance for hearing, the magistrate heard the Husband’s motion on April 2, 2007, before the start of the final hearing. The only testimony regarding the motion was from the Husband.
 

 The Husband testified that there had been “very bad communications” with his former counsel, that she did not discuss the process with him, and that she made “numerous errors in filing.” The Husband explained that he cancelled a mediation in the end of January or beginning of Febru
 
 *1287
 
 ary because they were unprepared and he decided that he would try to work it out with his wife. He assumed that the trial date would be pushed out because the mediation was cancelled. He received a letter on March 26 advising him that his lawyer was withdrawing from the case and that he had a court date on April 2. He called his former lawyer and was advised to file a motion for continuance, and the Husband did so on the same day. He contacted a lawyer referral service and made an appointment with a new attorney, Patricia Kent. She advised him that if the motion for continuance were granted, he could talk to her about representation. The Husband also testified that he got access to the case online and noted that some documents that he had given his former lawyer back in November, such as a financial affidavit, had not been filed. The Husband went to the courthouse on March 28 and filed it.
 

 The Wife’s counsel argued that the case had been going on since July and that the Husband had not complied with discovery. Counsel argued that the Husband had can-celled the mediation and that the trial had been set for three months. Counsel contended that the Husband was aware that trial was coming and that the whole case consisted of “a house, two cars, two Har-leys, one money market and two debts.” The Wife had to incur additional fees because the Husband had not provided documents.
 

 The magistrate denied the Husband’s motion to continue on the following basis: “Well, Mr. Riley, it shows that you knew about Ms. Walch’s withdrawing, that she sent you a copy of the Motion on March 2nd so you’ve had plenty of time to get another lawyer, Sir. You didn’t do it, so I’m denying the Motion. We’re going forward.” The Husband argues that the magistrate’s failure to grant the motion to continue requires reversal. We agree.
 

 Although a trial court has broad discretion in determining whether to grant a motion for continuance, that discretion is not absolute.
 
 Neal v. Swaby,
 
 975 So.2d 431, 433 (Fla. 2d DCA 2007). The appellate court considers the following factors in determining whether the trial court abused its discretion in ruling on a motion for continuance: “1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted.”
 
 Id.
 
 (quoting
 
 Baron v. Baron,
 
 941 So.2d 1233, 1235-36 (Fla. 2d DCA 2006)).
 

 In
 
 Peiman v. Peiman,
 
 829 So.2d 307, 309 (Fla. 5th DCA 2002), the court determined that the denial of a motion for continuance created an injustice for the former husband when his attorney had withdrawn one month before the final hearing. The court explained as follows:
 

 The facts clearly evidenced the Former Husband’s desire to be represented by counsel. The Former Husband had not previously represented himself and there was no indication from the record that he could do so competently. Therefore, the denial of the motion for a continuance created an injustice for the Former Husband.
 

 Id.
 

 Here, the Husband clearly indicated his desire to be represented by counsel by contacting a lawyer referral service the same day he learned that counsel had withdrawn and by meeting with an attorney who would consider representation if a continuance were granted. The Husband had not previously represented himself in
 
 *1288
 
 court in the divorce proceedings, although he had apparently tried to reach a settlement with the Wife. With respect to whether the Husband could represent himself competently, the Wife complains that the Husband did not set his motion to continue for hearing. However, this seems to support that he did not know how to represent himself competently. Although the Husband managed to try his own case, it was clear that he was not familiar with courtroom procedure. Also, the primary issue that he raised in his objections to the magistrate’s decision, the failure to impute income to the Wife, may have been avoided if the Husband had counsel to represent him at the final hearing. Thus, although the Husband managed to get through the final hearing on his own, the record as a whole reflects that the denial of the motion for continuance created an injustice.
 

 The second factor is whether the cause for the continuance request was unforeseen and not a result of dilatory practices. The magistrate denied the motion based solely on her assessment that the Husband’s former attorney served him with the motion to withdraw on March 2, 2007, as shown on the certificate of service, and that was “plenty of time to get another lawyer” for a trial on April 2, 2007. Although the Wife argued that the Husband engaged in dilatory practices, the Husband’s testimony indicated that any delay may have been caused by former counsel and not the Husband. There was no testimony to the contrary. The Husband testified that he learned that his counsel had withdrawn when he received a “letter” on March 26, 2007. We do not know if this was the court order entered on March 21, 2007, or perhaps a letter from his former counsel. But based on the Husband’s testimony, he had only seven days’ notice that he was without counsel. Even based on the certificate of service on the former counsel’s motion to withdraw, the Husband had under a month’s actual notice that counsel was seeking to withdraw from his case. Counsel served the motion by mail, and the record does not show when the Husband received the motion. The Husband unsuccessfully attempted to retain an attorney for the final hearing as soon as he learned that the court granted the motion to withdraw. We cannot say that the Husband ignored a foreseeable circumstance, and the record does not reflect that the continuance request was made for purposes of delay.
 

 With respect to the third factor, the Wife argued that she would be prejudiced because the final hearing had been set for three months. In
 
 Neal,
 
 this court recognized that “it is undoubtedly inconvenient and sometimes costly to appear for a hearing that is continued,” but “those practical concerns certainly must yield” in appropriate circumstances. 975 So.2d at 434. Nothing in our record indicates that the Wife would have suffered prejudice and injustice if the motion were granted to allow the Husband to retain counsel for a proceeding that would result in the equitable distribution of assets and liabilities and the award of alimony.
 

 Therefore, we determine that the magistrate abused her discretion in denying the motion to continue. Accordingly, we reverse the appealed judgment, except to the extent that it dissolves the parties’ marriage, and remand for a new final hearing. For purposes of remand, we discuss the other two issues that the Husband raises on appeal.
 

 The Husband correctly contends that the trial court erred in refusing to hear his exceptions to the magistrate’s report and recommendations. The magistrate entered her report on April 23, 2007, and it was filed on April 24, 2007, so at the
 
 *1289
 
 earliest the report was mailed to the Husband on April 23, 2007. The Husband, acting pro se, served his exceptions (which he called objections) on May 8, 2007. The trial court determined that the Husband’s exceptions were untimely filed and refused to hear them.
 

 A trial court must hear timely filed exceptions to a magistrate’s report.
 
 See
 
 Fla. Fam. L.R.P. 12.490(f);
 
 Betz v. Betz,
 
 790 So.2d 1128, 1130 (Fla. 2d DCA 2001). Rule 12.490(f) provides, “The parties may serve exceptions to the report within 10 days from the time it is served on them.” Pursuant to rule 12.090 and Florida Rule of Civil Procedure 1.090(e), the Husband had an additional five days to serve his exceptions because the magistrate’s report was served on him by mail.
 
 See Werntz v. Floyd,
 
 814 So.2d 480, 481 (Fla. 4th DCA 2002);
 
 Palmer v. Palmer,
 
 582 So.2d 639, 640 n. 1 (Fla. 3d DCA 1991). In fact, the Wife cites
 
 Werntz
 
 in her answer brief and recognizes that the Husband was allowed the additional five days to serve his exceptions.
 

 The time to serve the exceptions began to run on April 24, 2007, the day after the earliest date the report could have been served on the Husband.
 
 See
 
 Fla. R. Civ. P. 1.090(a);
 
 Palmer,
 
 582 So.2d at 639-40. The Husband timely served his exceptions on May 8, 2007, the fifteenth day after April 23, 2007. Thus, the trial court should have considered the Husband’s exceptions before it entered the final judgment.
 
 See Betz,
 
 790 So.2d at 1130.
 

 The Husband also contends on appeal that the trial court erred in its alimony award to the Wife by failing to impute any income to her. The Husband does not dispute the court’s decision to award permanent alimony in this marriage of twenty-six years, and the Husband does not dispute the finding that the Wife has a need of $3000 per month. Rather, he eon-tends that the trial court should have imputed at least a minimum wage income to the Wife if the court did not impute the starting salary for a teacher.
 

 “A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts.”
 
 Koeppel v. Holyszko,
 
 643 So.2d 72, 75 (Fla. 2d DCA 1994). In
 
 Koeppel,
 
 this court affirmed the imputation of $630 per month income for child support purposes to a husband who had not worked in many years but was “an able-bodied, college educated man.”
 
 Id.
 
 Although it appeared “that the husband could earn substantially more than minimum wage,” this court explained that “the trial court did not have an employment history on which to base imputation of a larger monthly amount.”
 
 Id.; see also Solomon v. Solomon,
 
 861 So.2d 1218, 1220 (Fla. 2d DCA 2003) (“In imputing income, the court must consider recent work history as well as occupational qualifications and prevailing earnings.”).
 

 In
 
 Kreisler v. Kreisler,
 
 752 So.2d 1288, 1289 (Fla. 5th DCA 2000), the Fifth District vacated an alimony award and remanded for the trial court to reconsider the amount of alimony after imputing income to the wife. The parties had been married for twenty years, their children had almost reached majority, and the wife had a college degree but did not work during most of the marriage. The appellate court determined that “at least a minimum wage amount of income should have been imputed to” the wife.
 
 Id.
 
 In
 
 Bracero v. Bracero,
 
 849 So.2d 388 (Fla. 5th DCA 2003), the Fifth District determined that the trial court committed reversible error in failing to impute at least minimum wage to the wife for purposes of determining the alimony award. The trial court had found that the wife could be working even
 
 *1290
 
 though she did “not have significant recent gainful employment.”
 
 Id.
 
 at 389.
 

 Here, the Wife was fifty-two years old and in good health at the time of the final hearing. She has a bachelor’s degree in education but has never worked as a teacher. The trial court adopted the magistrate’s finding that the Wife had worked part time for six years earlier in the marriage and that more recently she worked part time for three months at a craft store. The magistrate had also found, “There was no testimony what Wife’s earning capability was, if anything at all. She testified that she has no plan to go to work. The Husband supported her stay-at-home status during the marriage.”
 

 The record reflects that the Wife had worked part time in the past and could earn minimum wage, and the parties acknowledged that the Wife could work part time. The Wife testified that she “could probably” do part-time work but would not accept a full-time job. Further, although the Wife stayed home to raise the parties’ children, they are all adults now. Based on this record, the trial court should have imputed at least a part-time income of minimum wage to the Wife. Because we are reversing and remanding for a new final hearing, the trial court shall reconsider the imputation of income based on the circumstances presented at the hearing on remand.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT and LaROSE, JJ., Concur.