GRIFFIN, J.
 

 Appellant, Jose Calderon, II [“Husband”], appeals the final judgment of dissolution of marriage and an order denying exceptions to report and recommendation of general magistrate. Husband contends that the lower court erred when it determined that his exceptions to the report and recommendations of the general magistrate were untimely.
 
 [1]
 
 Because Husband’s exceptions were timely, we reverse.
 

 
 *689
 
 Husband and Appellee, Catherine Calderon [“Wife”],
 
 [2]
 
 were married in 1994, and separated sometime in 2000. They had three minor children at the time of the divorce. Husband filed for divorce on June 29, 2007, the day before he left the State of Florida. He provided the lower court with his parents’ Florida address where he continued to receive mail. Wife filed her answer to his petition and a counter-petition for dissolution. Husband answered the counter-petition.
 

 Sometime after Husband failed to appear for a court-ordered mediation, Wife filed a notice for non-jury trial of all issues concerning the dissolution of the parties’ marriage. The matter was set for hearing before a general magistrate. At the conclusion of the hearing, the general magistrate made his report and recommendations. The report of the general magistrate is dated October 2, 2008. Husband mailed his exceptions to the report, by certified mail, on October 16, 2008. The clerk’s stamp on the front of Husband’s exceptions shows that it was received in the clerk’s office on October 20, 2008.
 

 Without addressing Husband’s exceptions, on October 21, 2008, the trial court entered a final judgment of dissolution of marriage, adopting the recommendations of the general magistrate. By separate order, the trial court struck Husband’s exceptions as untimely filed.
 

 Florida Family Law Rule of Procedure 12.090 provides that time is computed pursuant to Florida Rule of Civil Procedure 1.090. Rule 1.090 provides that the day of the act from which the time begins to run shall not be included in computing any period of time prescribed, and five days are added to the prescribed period for service by mail.
 
 See
 
 Fla. R. Civ. P. 1.090(a)(e). Under rule 12.490(f), exceptions to a general magistrate’s report must be served within ten days after service of the report. This Court has held that service by mail is considered complete upon mailing, and the certificate of service is prima facie proof of the service.
 
 See Williams v. Express Leasing, Inc.,
 
 575 So.2d 768, 769 (Fla. 5th DCA 1991);
 
 see also
 
 Fla. R. Civ. P. 1.080(f). Recently, addressing the same issue, the Second District, in
 
 Riley v. Riley,
 
 14 So.3d 1284 (Fla. 2d DCA 2009) determined objections were timely filed when mailing days were taken into account:
 

 A trial court must hear timely filed exceptions to a magistrate’s report.
 
 See
 
 Fla. Fam. L.R.P. 12.490(f);
 
 Betz v. Betz,
 
 790 So.2d 1128, 1130 (Fla. 2d DCA 2001). Rule 12.490(f) provides, “The parties may serve exceptions to the report within 10 days from the time it is served on them.” Pursuant to rule 12.090 and Florida Rule of Civil Procedure 1.090(e), the Husband had an additional five days to serve his exceptions because the magistrate’s report was served on him by mail.
 
 See Werntz v. Floyd,
 
 814 So.2d 480, 481 (Fla. 4th DCA 2002);
 
 Palmer v. Palmer,
 
 582 So.2d 639, 640 n. 1 (Fla. 3d DCA 1991).
 

 Id.
 
 at 1289.
 

 Because the general magistrate entered and served his report on Thursday, October 2, 2008, and Husband mailed (served) his exceptions via express mail to the clerk of the court on October 16, 2008, his exceptions were not untimely.
 
 [3]
 
 Reversal is re
 
 *690
 
 quired so that the lower court can consider the merits of Husband’s exceptions.
 

 REVERSED and REMANDED.
 

 PALMER and JACOBUS, JJ., concur.
 

 [1]
 

 . Husband additionally contends that he was deprived of his right to consent or to decline the referral to the general magistrate because
 
 *689
 
 he did not receive notice of the hearing as required by the family law rules.
 

 [2]
 

 . Appellee has not appeared in this appeal.
 

 [3]
 

 . The certificate of service on the exceptions was not dated by Husband. However, Husband had the document notarized. The notary dated the document October'16, 2008. Additionally, Husband served the document on
 
 *690
 
 the clerk by express mail, return receipt requested. The post office acknowledged on the tracking slip that they received the letter on October 16, 2008.