SUAREZ, J.
 

 Optimum Nutrition, Inc. (“Optimum”), appeals the trial court’s dismissal of its complaint for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). We reverse.
 

 On July 29, 2010, the trial court issued a notice of lack of prosecution. On September 28, 2010, Optimum filed and served a motion for summary judgment. Optimum claims on appeal that the sixty-day period provided under Florida Rule of Civil Procedure Rule 1.420(e), which allows for conducting record activity
 
 after
 
 service of the notice of lack of prosecution, expired on October 4, 2010; therefore, dismissal for lack of prosecution was improper. Performance Trading contends that the sixty-day period expired on September 27, 2010.
 

 Florida Rule of Civil Procedure 1.420(e)
 
 [1]
 
 provides that a party has sixty
 
 *1059
 
 days to conduct record activity after service of the notice of lack of prosecution in order to avoid dismissal under the rule. Florida Rule of Civil Procedure 1.090 provides for the computation of time in settling a dispute under the Florida Rules of Civil Procedure:
 

 (a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday.
 

 Florida Rule of Civil Procedure 1.090(e) provides additional time when service is made by mail:
 

 Additional Time After Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period.
 

 The time period for an act to be computed after service of a notice, pleading, motion, order or paper served by mail includes five days which are added to the time. Fla. R. Civ. P. 1.090;
 
 see Palmer v. Palmer,
 
 582 So.2d 639, 640 n. 1 (Fla. 3d DCA 1991). Because the notice of lack of prosecution was served by mail upon Optimum, an additional five days must be added to the safe-harbor period, meaning the period for conducting record activity did not actually expire until Monday, October 4, 2010. As Optimum filed and served its motion for summary judgment on September 28, 2010, it effectively “conducted record activity” within the meaning of Florida Rule of Civil Procedure 1.420(e), as the expiration of the time period for service did not expire until five days after September 28, 2010. Therefore, the dismissal of the compliant for failure to prosecute under Florida Rule of Civil Procedure 1.420(e) was error.
 

 Reversed and remanded for further proceedings.
 

 [1]
 

 . (e) Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action
 
 *1059
 
 has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person....