NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| BRIAN K. GILROY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-2950 |
| | ) | |
| PATRICIA A. GILROY, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed April 29, 2015.

Appeal from the Circuit Court for
Pinellas County; Amy M. Williams,
Judge.

Jane H. Grossman, St. Petersburg,
for Appellant.

Peter N. Meros of Meros, Smith,
Lazzara, Brennan & Olney, P.A.,
St. Petersburg, for Appellee.


SILBERMAN, Judge.

Brian K. Gilroy, the Former Husband, seeks review of the supplemental final judgment of dissolution of marriage that modifies timesharing and child support based primarily on his relocation to Arizona. We reverse the child support award based on the erroneous denial of the Former Husband's request for a continuance at the final hearing. The supplemental final judgment is otherwise affirmed.

When the parties divorced in 2007, they entered into a mediation agreement that awarded Patricia A. Gilroy, the Former Wife, primary residential responsibility over the parties' minor children with the Former Husband having significant timesharing. The agreement required the Former Husband to pay $2000 in monthly child support but also provided him $5000 in monthly alimony for four years.

After the alimony award expired in 2011, the Former Husband filed a supplemental petition for modification of child support. In 2012, the parties entered into another agreement in which child support was modified so that the Former Husband paid nothing. At this time, the Former Wife's income as a physician was so much greater than the Former Husband's that she would have owed *him* child support under the guidelines even though she had primary residential responsibility. The parties agreed that the Former Wife would pay for the children's private school tuition and health insurance instead of paying child support to the Former Husband.

When the parties provided the terms of the 2012 agreement to the trial court for approval, they did not include a child support guidelines worksheet. The prescient trial court expressed concern about this omission because there would be no "benchmark" from which to calculate support in the event of a subsequent modification proceeding. The parties nonetheless declined to file a guidelines worksheet. The court made sure the record reflected that the support determination was premised on the Former Wife's payment of the children's tuition and health insurance.

In late 2013, the Former Husband filed a supplemental petition for modification of timesharing due to his relocation to Arizona. The Former Husband attached a financial affidavit to this petition. The Former Wife filed an answer and

counter-petition in which she requested that child support "be reduced." She also requested that the child support guidelines be recalculated to include the private school tuition that she was already paying. She did not attach a financial affidavit to her answer and counter-petition.

A successor judge held a final hearing on the supplemental modification petition and counter-petition in May 2014. The Former Husband, who was proceeding pro se, informed the court that counsel for the Former Wife had emailed him a financial affidavit the previous day. When the Former Wife attempted to enter that financial affidavit into evidence, the Former Husband objected due to its late disclosure. He explained that the affidavit reflected a large decrease in the Former Wife's income and said that he questioned its accuracy. He also requested a continuance on the issue of child support. The court denied the request and admitted the document.

The Former Wife testified that her income had decreased since January 2014 due to the enactment of the Affordable Care Act. She asserted that insurance companies had responded to the Act by dropping providers; she claimed that she had already been dropped by two or three companies and lost the patients covered by those policies. She also testified she had no reason to believe her income would recover. The Former Wife's expert testified she had earned approximately $400,000 annually for the past five years. However, he calculated her annualized gross income for 2014 at $245,000 using data from the Former Wife's accounting software for January to March 2014. He found the Former Wife's explanation for her reduction in income logical based on other health care providers' similar experiences.

The Former Wife also relied on a child support guidelines worksheet that her expert testified was prepared during the 2012 modification proceedings. Using this worksheet as a benchmark, the Former Wife's expert prepared a 2014 child support guidelines worksheet in which he calculated the total child support obligation by adding private school tuition to the statutory basic obligation. The Former Husband objected to the Former Wife's reliance on the worksheet and testified that the tuition was not included in the 2012 worksheet as he remembered it.

The trial court entered a supplemental final judgment modifying the Former Husband's timesharing and requiring him to pay child support. The court attached three different child support guidelines worksheets to the supplemental final judgment as exhibits 1-3. Exhibit 1 set forth an obligation for three minor children and was to be used until the eldest remaining minor child turned eighteen or graduated from high school. Exhibit 2 set forth an obligation for two minor children effective upon the expiration of exhibit 1. Exhibit 3 set forth a retroactive obligation for three minor children using data prior to January 1, 2014. The court calculated the total retroactive support as $8409 which it ordered the Former Husband to pay as a lump sum within six weeks. In exhibits 1 and 2, the court used each party's testimony regarding his or her own current income. In all three exhibits, the court included private school tuition in the total child support obligation.

On appeal, the Former Husband raises several challenges to the supplemental final judgment. He first argues that the trial court erred in denying his request for a continuance based on the late disclosure of the Former Wife's financial affidavit. We review the trial court's ruling on such a request for an abuse of discretion.

<u>Richardson v. Richardson</u>, 900 So. 2d 656, 659 (Fla. 2d DCA 2005). One of the key factors to be considered on review is whether denial of the continuance resulted in prejudice to the movant. <u>Riley v. Riley</u>, 14 So. 3d 1284, 1287 (Fla. 2d DCA 2009).

Florida Family Law Rule of Procedure 12.285(e)(1) requires the service and filing of a financial affidavit in supplemental dissolution proceedings. And service must be accomplished "within 45 days of service of the initial pleading on the respondent." Fla. Fam. L. R. P. 12.285(b)(2). Rule 12.285(f)(1) provides a continuing duty to supplement financial affidavits when there is a material change in financial circumstances. For its part, section 61.30(14), Florida Statutes (2013), provides that the respondent in child support modification proceedings "shall include his or her affidavit with the answer to the petition or as soon thereafter as is practicable, but in any case at least 72 hours prior to any hearing on the finances of either party."

The Former Wife does not dispute that she failed to comply with rule 12.285 and section 61.30(14) by providing her financial affidavit the day before the final hearing. She asserts that the Former Husband waived compliance with these authorities. She also asserts that the Former Husband is unable to establish any prejudice from the denial of his request for a continuance.

Contrary to the Former Wife's argument, rule 12.285(e)(1) expressly provides that the requirement to provide a financial affidavit in supplemental proceedings "cannot be waived by the parties." "The rule leaves no room for doubt that the filing of a financial affidavit is both mandatory and non-waivable by the parties." <u>Daniel v. Daniel</u>, 922 So. 2d 1041, 1043 (Fla. 4th DCA 2006) (interpreting the same language that appeared in rule 12.285(d)(1) at the time of the proceedings therein). But

even if the production of financial affidavits could be waived, there is no evidence in the record that the Former Husband did so.

We also disagree with the Former Wife's assertion that the Former Husband suffered no prejudice. The Former Wife did not file any pleadings disclosing the alleged permanent decrease in her income, and the Former Husband did not become aware of the decrease until he received the Former Wife's financial affidavit the day before the final hearing. The Former Husband was therefore unable to procure his own expert to review the Former Wife's alleged permanent decrease in income.

Thus, the trial court committed reversible error by denying the Former Husband's request for a continuance. As a result, a new hearing on the issue of child support is required. In order to aid the trial court on remand, we discuss the merits of two additional issues raised by the Former Husband.

First, he argues that the trial court erred by requiring him to pay retroactive child support of $8409 as a lump sum within six weeks of the supplemental final judgment. We agree that it is error to require this payment without evidence the Former Husband had the ability to pay that amount within that time period. See Robinson v. Robinson, 668 So. 2d 1074, 1074 (Fla. 2d DCA 1996).

Second, the Former Husband argues that the trial court erred in including the children's private school tuition as a component on the child support guidelines worksheets. He argues that the consideration of tuition is not permitted under section 61.30. He also argues that the tuition may not be considered because it was not considered in the 2012 guidelines calculations.

In his argument regarding section 61.30, the Former Husband asserts that the only costs authorized to be added to the basic support calculation are child care and health care costs. See § 61.30(7), (8). However, section 61.30(11)(a)(11) provides that the court can also make "[a]ny other adjustment that is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt." And courts have long held that private school tuition may be awarded as part of child support if private schooling is part of the family's customary standard of living. Kaiser v. Harrison, 985 So. 2d 1226, 1231 (Fla. 5th DCA 2008); Wilson v. Wilson, 559 So. 2d 698, 700 (Fla. 1st DCA 1990).

In his argument regarding the 2012 proceedings, the Former Husband asserts that the tuition was not considered therein and may not be considered here absent a substantial change in circumstances. The record of the final hearing in the 2012 proceedings does not establish whether tuition was included in the child support guidelines worksheet because the parties declined to enter a worksheet into evidence. However, in the current proceeding the Wife's expert testified that the tuition was included on the worksheet prepared in 2012. The Former Husband's testimony to the contrary simply presented a factual dispute for the trial court to resolve.

Furthermore, the parties agreed on the record at the 2012 modification hearing that the support amount was premised in part on the fact that the Former Wife was paying the children's private school tuition. Thus, it is clear that the tuition expenses were taken into account. The Former Husband's argument that he never agreed to pay for the children's private school tuition is simply a matter of semantics.

The Former Husband agreed, in effect, to pay part of the tuition by foregoing child support in exchange for the Former Wife's payment of tuition.

In conclusion, we reverse the child support award based on the trial court's erroneous denial of the Former Husband's request for a continuance and remand for a new hearing on child support.[1]  At this point in time, the financial circumstances giving rise to the supplemental final judgment may have changed again, and several of the disputes herein may have resolved themselves.  Thus, the parties should be permitted to conduct discovery prior to the final hearing on remand.  The supplemental final judgment is otherwise affirmed.

Affirmed in part, reversed in part, and remanded.


ALTENBERND and MORRIS, JJ., Concur.

---

[1]On remand, the trial court may also need to reconsider the division of responsibility for uncovered health care expenses for the minor children.